## Standard Sanitary Manufacturing Company, et al. v. Brian's Administrator.

(Decided May 8, 1928.)

Appeal from Jefferson Circuit Court (Common Pleas Branch, Second Division).

1. Appeal and Error.—Where, in brief, appellant's counsel state that sole point on which they rely is misconduct of appellee's counsel, other possible errors in record are waived.
2. Appeal and Error.—In passing on counsel's alleged misconduct in opening statement and closing argument to jury, although affidavits and counter affidavits concerning such statements were filed, appellate court is concerned only with what is in bill of exceptions.
3. Trial.—In action for causing death of boy, attorney's remark in opening statement that suit had been brought against another joint tort-feasor concerned, to which objection was sustained, was not prejudicial error, in view of court's admonition to jury not to consider such statement.
4. Appeal and Error.—In action for death of boy, attorney's statement in closing argument to jury that they would regret it if they did not award damages in full to deceased's estate for deprivation of earning power of deceased was neither improper nor prejudicial.

5.  Appeal and Error.—In action for death of boy, plaintiff's attorney's statement to jury in closing argument that reason why they would regret it later if they did not award full amount of damages was something he was not at liberty to explain to them, but, if they did not award full damages, he would explain reason after trial, held not prejudicial to defendants.

6.  Trial.—In action for death of boy, attorney's argument that, if jury did not return verdict for as much as $12,000, they should return verdict for defendants, held not prejudicial.

7.  Appeal and Error.—Appellate court may not consider alleged errors in argument to jury and statements before it, unless they are objected to.

8.  Appeal and Error.—In action for death of boy, defendants, objecting to attorney's statement to jury that amount obtained in suit against or settlement with other tort-feasor would be credited on any verdict rendered, and moving to discharge jury, were in position on appeal to argue such points, if attorney's argument was improper, and effect thereof was not removed from jury's minds by admonition of court.

9.  Negligence.—Injured party may bring suit for damages against either or both of two tort-feasors whose negligence concurs to cause injury.

10. Release.—Where negligence of two tort-feasors concurs to cause injury, injured party may settle with one and release such one without prejudice to his right to recover from other full amount of damage, less amount already received.

11. Trial.—In action for death of boy, statement by attorney for plaintiff to jury that any verdict returned would have to be credited with amount obtained from another tort-feasor held not prejudicial, in view of court's admonition to jury not to consider such statement, and that measure of damages was as set forth in court's instructions.

12. Appeal and Error.—Law presumes jury obeys admonitions and instructions of court.

13. Trial.—Generally, admonition of court cures such errors as improper argument of counsel.

HUMPHREY, CRAWFORD & MIDDLETON for appellants.

BURKE & LAWTON and W. CLARKE OTTE for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The appellee obtained a judgment for $12,000 against appellants which was credited by $7,500, leaving a net balance of $4,500. The reason for the credit was that appellee had recovered $7,500 from one of the joint tort-feasors in a separate settlement.

Henry R. Bryan, a boy 16 years of age, was crushed to death by a truck owned by the Acme Evans Company

on September 11, 1926. At the time of the accident which resulted in his death, he was riding his bicycle south on Eighth street in the city of Louisville. A two-ton truck belonging to the Acme-Evans Company heavily loaded with flour was proceeding north on Eighth street. The accident occurred near the intersection of Eighth and York streets. Young Bryan was just north of York street on the west side of Eighth street, when the truck struck him. A truck belonging to the appellant Standard Sanitary Manufacturing Company was proceeding west on York street, and immediately preceding the accident it turned north on Eighth street at the intersection of Eighth and York. The truck of the Standard Sanitary Manufacturing Company did not come in contact with Young Brian, and its part in the accident was to cause the Acme-Evans truck to swerve to avoid a collision, and in so doing the Acme-Evans truck was forced into a collision with the bicycle.

The appellee instituted suit against the Acme-Evans Company, charging it with negligence in the operation of its truck, which negligence resulted in the death of Henry R. Brian. That action was settled by compromise, and $7,500 was paid to appellee, which was accepted in full of all claims which appellee had against the Acme-Evans Company on account of the death of Henry R. Brian and the resulting loss of earning power to his estate. In the contract of settlement, it was set out that the $7,500 was not to cover the entire loss to the estate of Henry R. Brian. When the present suit was filed against the appellants, they relied on the settlement made with the Acme-Evans Company as satisfaction of the entire loss to the estate of Henry R. Brian, but this plea was not sustained.

After setting out with admirable clarity the facts governing in this litigation, counsel for appellants say in their brief that the sole point which they are raising on this appeal is that counsel for appellee was guilty of prejudicial misconduct on the trial of the action, and they rely on that error alone for reversal.

We shall give no consideration to any other point which may have been raised against the judgment of the lower court in this action. There may be other errors in the record, but, if so, all of them have been waived, except the alleged error of prejudicial misconduct on the part of counsel representing appellee.

The alleged misconduct complained of relates to statements made before the jury during the progress of

the trial either in his closing argument to the jury or in his opening statement. Affidavits have been filed containing the alleged statements, and a counter affidavit was filed denying or explaniing the alleged statements. We are concerned only with that which we find in the bill of exceptions. It is to be regretted that statements . made by the attorney in his argument were not taken down by the official stenographer, to the extent, at least, of the statements objected to. The trial court ought not to have been required to depend upon the memory of persons as to what the attorney said in his argument before the jury.

We shall take up the statements complained about as they appear in the bill of exceptions in the order of their appearance. In his opening statement the attorney told the jury that there had been a suit brought against the Acme-Evans Company. He proceeded no further with his statement in relation to that matter. An objection was interposed, which was sustained by the court, and the jury admonished by the court not to consider the statement. We will not treat that objection as serious. The mere reference to the fact that another suit had been instituted without any intimation as to the result thereof certainly was not prejudicial, and particularly must that be so when the court admonished the jury not to consider the statement.

In his closing argument, counsel for appellee stated several times that the jury would regret it if they did not award to appellee damages in full, for deprivation of the earning power of Henry R. Brian, to his estate. It is to be presumed that any jury would regret making a mistake in the assessment of damages. If the jury found that appellants were responsible to appellee for the damages caused to the estate of Henry R. Brian, we fail to see how it could have been prejudicial for the attorney to tell the jury that they would regret it if they did not do what the court had told them to do in the instructions given. We do not concur with counsel for appellants in their statement that this argument was improper, much less prejudicial.

The attorney also said to the jury that the reason why they would regret it later if they did not award the full amount of damages was something that he was not at liberty to explain to them, but, if they did not award full damages, he would explain the reason after the trial.

This may have mystified the jury, but it cannot be said that it meant any more than that the attorney was insisting that the jury follow the instructions of the court. The argument was unusual, but it was a misstatement of no fact, and we fail to see in what manner it could have prejudiced the rights of the appellants.

The attorney said to the jury several times that, unless they should return a verdict for as much as $12,000, they should return a verdict for appellants. There is nothing prejudicial in that statement.

We find in the bill of exceptions the statement that nothing set out above was objected to except the reference to the Acme-Evans Company suit in the opening statement. If there were no objections to the statements made, we cannot consider them.

We find these paragraphs in the bill of exceptions:

"Mr. Lawton later stated to the jury that the amount of any verdict rendered by the jury in this action would have to be credited by any amount obtained by the plaintiff in a suit against the Acme-Evans Company or already obtained from the Acme-Evans Company in settlement. Counsel for the defendants objected to this statement, whereupon the court sustained the objection, and admonished the jury not to consider the said statement, and that the measure of damages in this case was as set forth in the court's instructions.

"Counsel for the defendants then moved the court to discharge the jury from further consideration of this case on account of said argument and remarks of plaintiff's counsel, and each of them, but the court overruled said motion, and refused to discharge the jury, to which ruling the defendants at the time excepted."

The above quotation contains the only objection which might be made available to appellants on this appeal. If the argument of the attorney was improper and the effect of the argument was not removed from the minds of the jury by the admonition of the court, the appellants, having objected and moved to discharge the jury from further consideration of the case, are in position to argue the points before this court.

The decisions of this court are in accord in holding that, where the negligence of two tort-feasors concurs to

cause an injury, damage may be sought by the injured party in a suit against either or both of the wrongdoers. It is well settled by the decisions of this court that the injured party in such cases may make a settlement with one of the wrongdoers, and thereby release that one without prejudice to his right to recover from the other wrongdoer the full amount of the damage, less the amount already received. Louisville Gas & Electric Co. v. Beaucond, 188 Ky. 725, 224 S. W. 179. It is further held in the case cited that inasmuch as the pleading setting forth the settlement with one wrongdoer was not controverted, it was not proper to introduce evidence touching that setltement, and that there was nothing to submit to the jury on that point, but the court should allow a recorvey for the full amount against the other wrongdoer, and apply the credit on any judgment obtained. In the case before us, the fact that $7,500 had been paid to appellee by the Acme-Evans Company was not denied. The case, therefore, falls within the rule announced in the case just cited. No evidence as to the settlement with the Acme-Evans Company was introduced on the trial, but, as is shown by the quotation above from the bill of exceptions, counsel for appellee correctly stated to the jury that any verdict returned by them in favor of appellee would have to be credited by any amount paid to appellee by the Acme-Evans Company.

It may be, as argued by counsel for appellants, that the attorney representing appellee thought that it would be beneficial to his client to get the fact before the jury that any verdict which it returned would have to be credited by any amount that the other company had paid in settlement. We believe, however, that the question as to whether such fact in the mind of the jury would help appellee is a debatable one.

There are cases where it has been held that an improper argument made to a jury by an attorney is ground for a reversal, although the jury were admonished by the court not to consider such argument. It was so held in the case of McHenry Coal Co. v. Sneddon, 98 Ky. 684, 34 S. W. 228, 17 Ky. Law Rep. 1261. An examination of the opinion in that case satisfies us that the argument made by the attorney there was far different from the argument in this case. The attorney in that case told the jury that he held in his hand a letter from the president of the coal company addressed to the father

of the plaintiff acknowledging the liability of the defendant for damages. He further said in part that the defendant would settle, but for the fact that it had an insurance policy covering such cases, and that the insurance company would not settle. The letter had not been introduced in evidence, and the attorney making the argument appealed to the attorney on the other side, asking his permission to read the letter to the jury. That is quite a different argument from that made by the attorney in this case, where he simply stated to the jury that which was true as a matter of law.

Another case cited by counsel for appellants is Owensboro Shovel & Tool Co. v. Moore, 154 Ky. 431, 157 S. W. 112. The court there reversed the case on account of the improper argument of an attorney, but the lawyer made a statement of fact wholly unsupported by the record, and without any inference based on the evidence which would justify his statement.

Another case relied on by counsel for appellants is Liverpool & London & Globe Insurance Co. v. Wright & Allen, 158 Ky. 290, 164 S. W. 952. In that case, the attorney representing one of the parties was attacked and brutally assaulted by one of the witnesses for the other party. In the argument to the jury, this fact was referred to and commented on. This court said that the argument of the attorney was so highly prejudicial that the case should be reversed, but the court adhered to the well-understood rule that ordinarily a case will not be reversed on account of improper argument, where the court admonishes the jury not to consider the argument.

In the opinion of the trial judge, Judge Gordon, whose ability as a judge stands out in the annals of jurisprudence in this state, he took occasion to say that it was his personal view that in such cases it is the better practice for the jury to be told of the settlement with the joint tort-feasors, and this way advised as to the effect of their finding upon the amount of the damages. But he deferred on that point to the decisions of this court. On the question of whether the argument of the attorney representing appellee was improper, the trial judge expressed the opinion, after a consideration of the record and the authorities, that the admonition of the court was entirely sufficient to correct any erroneous impression made by the argument of the attorney, if there was any such impression created in the minds of the jurors.

If it is proper to allow the jury to consider the settlement made with one tort-feasor when there is a dispute about it, we fail to see how it would be prejudicial to allow a reference to such settlement in a case where admittedly such settlement had been made.

In the case of City of Covington v. Westbay, 156 Ky. 839, 162 S. W. 91, this court held that the lower court properly permitted the defendant to plead the amount received in the compromise settlement from the street car company as a credit on whatever judgment might be obtained against it. The court then continued:

> "The jury were authorized to find for plaintiff only in the event that they believed from the evidence that plaintiff's damages exceeded $750, and then to the extent of the excess only."

We find no case where this court held that it was, or would be, reversible error to advise the jury in the instructions of the amount paid by one joint tort-feasor and confined the amount of the recovery to the difference between the total amount of damages and the amount which had been previously paid. Such an instruction, if it should have been given in this case, would not have been considered prejudicial.

In addition to that, the law presumes that the jury obeys the admonition and instructions of the court, and it is generally the rule that the admonition of the court cures such errors as improper argument of counsel. L. & N. R. R. Co. v. Mulfinger's Adm'x, 80 S. W. 499, 26 Ky. Law Rep. 3.

In the case of Hines, Director General of Railroads, v. May, 191 Ky. 493, 230 S. W. 924, this court held that the misconduct of counsel in his argument to the jury is not reversible error, except in cases where he so widely departs from the adopted rules and practices as to indicate a design and purpose to deceive and to create miscarriage of justice, and to obtain benefits for his client which the facts do not warrant by pursuing an undue course amounting to, or closely approaching, corruption.

If that be the law, and this court has so held, we can measure the conduct of the attorney in this case by the rule announced in that case, and readily reach the conclusion that the argument of counsel in this case, if improper, which we very much doubt, was not prejudicial.

As there are no other errors complained of, we find no ground for reversal.

Judgment affirmed.