**Mary Louise ORR et al., Appellants,**

**v.**

**Anna Lee COLEMAN et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 23, 1970.

As Modified on Denial of Rehearing
June 26, 1970.

Fred B. Redwine, Sanders & Redwine, Pikeville, Clay Shackelford, Shackelford,

Burnam & Thompson, Richmond, for appellants.

Kelsey E. Friend, Friend & Mullins, Pikeville, for appellee Anna Lee Coleman.

John M. Stephens, Pikeville, for appellee John Waterer.

PALMORE, Judge.

The appellee Anna Lee Coleman was severely injured in a collision between an automobile driven by John William Waterer and owned by Southeastern Car Rental, Inc., (hereinafter called Avis), in which she was a passenger, and an automobile driven by Mary Louise Orr and owned by Bobby Ray Orr. Mrs. Coleman brought this suit for damages against Waterer, Avis and the Orrs. Before the case went to trial she settled with Waterer and Avis for $19,000, reserving her rights against the Orrs, whereupon her claim against Waterer and Avis was dismissed by agreed order. At the conclusion of the trial, Bobby Ray Orr having been let out on a peremptory, a jury awarded Mrs. Coleman $22,000 against Mary Louise Orr and judgment was entered accordingly. Miss Orr appeals.

The argument centers on the instruction relating to the amount of damages to be awarded if the jury should find (which it did) that the accident resulted from the negligence of both Waterer and Mary Louise Orr. In substance, this instruction told the jury it could find for the plaintiff only if her damages exceeded $19,000, because she had settled with Waterer and Avis for that amount, and "in that event, you will find for the plaintiff and award her such a sum in damages in excess of $19,000.00 that will fairly and reasonably compensate her" for her injuries and consequent expenses.

The appellants objected to the instruction for the reasons that it (1) informed the jury of the amount of the settlement and (2) did not make it clear whether the verdict should reflect the total amount of damages suffered by the plaintiff, from which $19,000 would be deducted, or only the amount of damages over and above $19,000.

This is a well-briefed case, in which counsel on both sides agree that the proper procedure to be followed when one or more joint tortfeasors have settled and a jury is to assess the damages payable by a nonsettling joint tortfeasor is a problem that has given the courts much trouble, with the result that the law on the subject is not altogether clear. See Annot., 94 A.L.R. 2d 352–394 (1964).

Aside from the procedural question, when two tortfeasors are in pari delicto this court consistently has required that the amount received from one of them in partial satisfaction of the whole claim be credited against the full amount of damages as subsequently determined in a trial against the other. Louisville Gas & Electric Co. v. Beaucond, 188 Ky. 725, 224 S.W. 179, 186–187 (1920); Standard Sanitary Mfg. Co. v. Brian's Adm'r, 224 Ky. 419, 6 S.W.2d 491, 493 (1928); McCallum v. Harris, Ky., 379 S.W.2d 438, 441, 444 (1964). Whether the instruction under attack was sufficiently plain for us to be certain that the jury understood that principle and intended to award $22,000 over and above the $19,000 theretofore received by Mrs. Coleman is a question we need not decide, because we are convinced that it was prejudicially unfair to the nonsettling tortfeasor for the jury to know that the other tortfeasor had settled and to know the amount he had paid.

It was said in Louisville Gas & Electric Co. v. Beaucond, 188 Ky. 725, 224 S.W. 179, 187 (1920), that "there being no issue upon the subject of the amount received, or that it was received in partial satisfaction only, there was nothing to submit to the jury upon that subject." In a later opinion, Standard Sanitary Mfg. Co. v. Brian's Adm'r, 224 Ky. 419, 6 S.W.2d 491, 494 (1928), the court commented that if it is proper to allow the jury to consider a settlement made by one tortfeasor when there

is a dispute about it, "we fail to see how it would be prejudicial to allow a reference to such settlement in a case where admittedly such settlement had been made," and expressed grave doubt that it would constitute prejudicial error. We are unable to accept that viewpoint. Knowledge by the jury that one of the claimed tortfeasors had paid off certainly could serve no legitimate purpose and could easily give rise to inferences prejudicial to either side. The amount of the settlement might well tend to suggest the value of the claim and a yardstick for measuring what the nonsettling tortfeasor ought to pay. We see much possible evil and no positive good to be attained through introducing such information to the jurors.

█ This is not a case in which there is a factual issue with respect to the settlement, and in view of our decisions in Kingins v. Hurt, Ky., 344 S.W.2d 811 (1961), Gibson v. Dupin, Ky., 377 S.W.2d 585, 586 (1964), and Commonwealth, Dept. of Highways v. Cardwell, Ky., 409 S.W.2d 304, 305–306 (1966), there should be very little occasion henceforth for such an issue to arise. If it does arise, there is no compelling reason it could not be tried separately. In any event, we are of the firm opinion that neither the fact nor the amount of the settlement should be communicated to the jury that tries the issue of the nonsettling tortfeasor's liability.

█ We have a statute, KRS 454.040, which permits the apportionment of liability between or among joint trespassers. From time immemorial it has been held applicable to personal injury actions based on negligence. Brown Hotel Co. v. Pittsburgh Fuel Co., 311 Ky. 396, 224 S.W.2d 165–168 (1949). This evinces, we believe, a long-standing policy that although their liability to the injured party may be joint and several, as between or among the joint tortfeasors themselves the burden should be apportioned according to their comparative culpability. That objective is not achieved when the amount of the nonsettling tortfeasor's liability is made to depend on the amount for which the other has settled, and over which the nonsettling tortfeasor may or may not have exercised any control. In such a case the claimant gives up nothing by settling with the one, since he gets the balance from the other. And if the nonsettling tortfeasor may then enforce contribution from the one who has settled, the purpose of the settlement is defeated. Should we hold that to be the case there would simply be no more partial settlements. The practical answer is that the jury should be required to assess the total amount of the claimant's damages and fix the proportionate share of the nonsettling tortfeasor's liability on the basis of his contribution to the causation. The trial court may then compute the amount of the judgment to be entered against the nonsettling tortfeasor, thus fixing his ultimate liability (and incidentally obviating any question of or necessity for contribution).

The jury has found that Mary Louise Orr's negligence was a proximate cause of the accident. Though its verdict was tainted by the knowledge of the settlement with Waterer, she asks for a new trial only as to damages, to which she is of course entitled. However, it will be necessary for the jury to consider the question of causation in order to arrive at an apportionment of the damages. Therefore, upon a new trial the instructions should be drawn along the following lines:

1. (Duties of the respective drivers.)

2. It has already been determined that the automobile accident in this case resulted from the negligence of both John William Waterer and Mary Louise Orr in that each of them failed to observe one or more of his or her duties as set forth in Instruction No. 1. You will now determine from the evidence and state in your verdict what percentage of the causation was attributable to John William Waterer's negligence and what percentage of the cau-

sation was attributable to Mary Louise Orr's negligence, as follows:

Waterer – \_\_\_\_% 

Orr – \_\_\_\_%

Total 100%

3. You will fix and determine the damages suffered by the plaintiff, Anna Lee Coleman, at such sum as will reasonably compensate her for * * * (list elements of damages proved within limits of pleadings and proof.)

The judgment is reversed with directions for a new trial in accordance with this opinion.

All concur.