S. W. CORUM HAULING, INC., et al., Appellants,

v.

Sammy K. TILFORD, Appellee.

Sammy K. TILFORD, Appellant,

v.

S. W. CORUM et al., d/b/a etc., et al., Appellees.

Court of Appeals of Kentucky.

June 28, 1974.

Thomas E. Gates, Frazee, Frick & Gates, Thurston M. Crady, Louisville, for Sammy K. Tilford.

Kenneth L. Anderson, Woodward, Hobson & Fulton, Edward F. Rectenwald, Louisville, for David Samuels.

William A. Miller, Louisville, for S. W. Corum and Larry Gordon.

CULLEN, Commissioner.

In litigation growing out of a multiple-vehicle accident on Watterson Expressway, which is a four-lane belt line around a portion of Louisville, with the two east-bound lanes separated from the two west-bound lanes by a divider strip and a guard rail, judgment was entered in favor of David H. Samuels, the driver of one of the vehicles, against Sammy K. Tilford, the driver of one of the other vehicles and against Larry Gordon, the driver, and S. W. Corum Hauling, Inc., the owner, of another of the vehicles. The damages were in the total amount of $42,592.25, but in accordance with the jury's determination in its verdict of the percentage of the cause of the accident attributable to each of the culpable defendants, the judgment imposed liability on Tilford for 25% of the damages and on Gordon and Corum for the other 75%.

Two appeals have been taken; one by Gordon and Corum and the other by Tilford. The primary relief sought by Gordon and Corum is that a new judgment be entered assessing the damages jointly and severally against the culpable defendants, in place of the several judgment for different amounts. Tilford is seeking a judgment n. o. v. releasing him from any liability, on the theory that his negligence was superseded by Gordon's negligence.

We shall first state the essential facts and then take up the Gordon and Corum

appeal, followed by a consideration of the Tilford appeal.

Tilford was driving a flat-bed truck in a westerly direction, in the inside west-bound lane, carrying a number of wood pallets used as bases when bricks are being hauled. The pallets were stacked and secured by a chain, but one of them came loose and fell in the road in the inner west-bound lane. Tilford thereupon pulled his truck off the road into the emergency lane adjoining the shoulder, stopped the truck, got out, and started walking back to the east, in the emergency lane, with the intention of crossing over the traffic lanes, when he reached a point opposite the pallet, to retrieve the pallet.

John Stratman, who was driving his automobile westwardly in the inner west-bound lane, saw the pallet in the roadway and applied his brakes. Samuels (the successful plaintiff here), who was proceeding in his car behind Stratman, applied his brakes also but was unable to avoid a minor impact with the rear of Stratman's car. After that impact Stratman proceeded ahead, crossing over the pallet, and stopped his car some distance ahead. Samuels stopped his car, in the inner traffic lane, after the impact. Within a few seconds his car was struck in the rear by Corum's heavily loaded truck driven by Gordon, which had been following the Samuels car. The impact knocked the Samuels car sideways across the highway to the right, onto the emergency lane, where it struck Tilford.

The litigation arising out of the accident became quite involved. Tilford sued all of the other participants, but settled before trial with Gordon and Corum. Samuels also sued every participant other than himself. Numerous cross-claims and counterclaims were filed. The two suits were consolidated for trial. As a result of the multiplicity of claims being asserted the instructions and verdict forms were somewhat complicated.

Gordon's and Corum's contention on their appeal that the judgment should have been a joint and several one, against them and Tilford, rather than being apportioned, involves the instructions and the verdict form on which the verdict was returned.

The instruction in issue was to the effect that if the jury found in favor of Samuels against more than one of the defendants, "you may find in one lump sum against * * * (them) or any combination of them, or you may state in your verdict what percentage of the cause of the accident was attributable to each of said parties you may find against."

The verdict form related to that instruction was as follows:

"II. We find for the plaintiff, David H. Samuels, against the following named party (or parties)

————————, ————————,
————————, ————————,

(naming) and we award David H. Samuels, the following amount in damages:

"Pain and suffering .......$————
"Loss of income .........$————
"Permanent impairment of
     power to earn money ....$————
"Doctors, hospitals, appliances ..................$————
"Medicines ..............$————
"Total award ............$————

"We further find that the following percentage of the cause of the accident was attributable to the following named parties:

(Naming)

————————     ————per cent
     (Name)

————————     ————per cent
     (Name)

————————     ————per cent
     (Name)

————————     ————per cent
     (Name)

————————————
     Foreman"

The jury completed the first part of the verdict form by designating Tilford and Gordon-Corum as the parties found against, and by fixing the individual items of damage and the total of $42,592.25. The jury completed the second part of the verdict form by entering a percentage of 25 after Tilford's name, and a percentage of 75 after the names of Gordon and Corum. The court used those percentages in apportioning the damage liability in the judgment.

Appellants Gordon and Corum do not in terms complain of error in the instructions, but they did object in the lower court to the instructions and the argument they are making here does in effect question the correctness of the instruction to which the verdict form was related. One of their arguments is that percentage of causation is entirely irrelevant to the question of liability of joint tortfeasors. If that argument were correct the instruction would be erroneous, because, as an alternative to a finding in one lump sum against the several defendants, it authorized a finding of "what percentage of the cause of the accident was attributable to each of said parties you find against." By the same token the verdict form, against which the appellants Gordon and Corum address their attack, would be erroneous in making provision for a finding of percentages of the cause of the accident.

■ Gordon's and Corum's argument that percentage of cause of accident is entirely irrelevant to the question of liability of joint tortfeasors, and that all joint tortfeasors are equally liable to the plaintiffs for the entire damage, is not sustainable in view of the construction this court has placed on KRS 454.040 in several cases decided under it which expressly have approved several damage awards, for separate portions of the total damages, against joint tortfeasors. In Cox v. Cooper, Ky. 510 S.W.2d 530 (decided May 31, 1974), confirming Orr v. Coleman, Ky., 455 S.W. 2d 59, the holding was that the jury should

consider the question of causation in arriving at an apportionment of damages. The instructions formulated in *Orr* required the jury to "determine from the evidence and state in your verdict what percentage of the causation was attributable to" each of the two defendants.

It is true that the holding in *Orr* was made in the context of a situation where the plaintiff had settled with one of the defendants, wherefore *apportionment was necessary*. But Cox v. Cooper makes clear that the proposition that apportionment should be *based* on percentages of causation is not restricted to instances where apportionment is required as distinguished from instances where it is merely permissible.

■ We find no merit in the argument of appellants Gordon and Corum that KRS 454.040 authorizes only a finding of specific amounts of damages against the several defendants, and not a finding of percentages from which the court will apportion the damages. We think that apportionment as authorized by KRS 454.040 surely has to have some rational basis for determination—it cannot simply be left to the whim or fancy of the jury. Percentages of causation furnish a rational basis for apportionment and in Cox v. Cooper and in *Orr* we said that basis should be used. Accordingly, we think the instruction and verdict form in the instant case were not erroneous in providing for an apportionment on the basis of percentages of causation.

■ Gordon and Corum argue, however, that the instruction and the verdict form did not inform the jury that the percentages fixed by them would be applied by the court in apportioning liability for the total damage award. We do not think the jury was required to be so informed. The instructions formulated in *Orr* did not so inform the jury. We believe it is reasonable to consider that jurors, as ordinary intelligent people, would understand that the percentages of causation fixed by them would

be determinative of apportionment of damage liability.

The argument by Gordon and Corum that the verdict in this case was in effect one for joint and several liability is predicated on their contentions hereinbefore discussed, and falls with them.

■ Gordon and Corum maintain that in any event there was error in the fact that the verdict form *required* apportionment whereas KRS 454.040 merely *allows* it. They admit that the *instruction* was not erroneous in this regard, because it authorized apportionment as an alternative to finding in a lump sum against the defendants jointly. The verdict form did not expressly require apportionment; at the worst it was merely susceptible of being construed as so requiring. Since the instruction was properly in the alternative, and since the verdict form was framed for use in connection with that instruction, we think it is reasonable to believe that the jury understood it had an option not to determine percentages of causation.

It is our conclusion, on the Gordon-Corum appeal, that there was no reversible error.

■ On the Tilford appeal, the main contention is that Tilford's negligence was superseded by Gordon's, so as to exonerate Tilford from any liability to Samuels. In making this contention, Tilford relies on the Restatement of the Law, Torts 2d, Section 440, and on Donegan v. Denney, Ky., 457 S.W.2d 953. As concerns the Restatement, it is enough to say that it does not lend support to the contention because in applying to the circumstances of the accident here in question the considerations enumerated in Section 442 of the Restatement, it is inescapable that Gordon's intervening negligence was not a superseding cause. Donegan likewise lends no support. There the claims arose out of a second series of collisions, some 800 to 1,000 feet distant from the point of the collisions directly attributable to the stopping of the defendant's truck on the highway; the second collisions were not in a chain reaction to the first series and the latter was only one of several factors that influenced the first car in the second group to stop. The decision was that the defendant's conduct was superseded by *too many* intervening factors to afford basis for liability. Here the facts are entirely different; there was simply one chain of collisions, attributable to no other initiating cause than the dropping of the pallet in the traffic lane. We conclude therefore that Tilford's negligence was not as a matter of law superseded.

■ Tilford argues that the trial court should have held Gordon *negligent* as a matter of law. Were that error it would not be prejudicial, since the jury found Gordon negligent.

Tilford makes claim of two minor errors in the instructions, but the claims do not have sufficient merit to warrant discussion.

The judgment is affirmed on both appeals.

All concur.