**D. D. WILLIAMSON & COMPANY, INC., Movant,**

v.

**ALLIED CHEMICAL CORPORATION, Respondent.**

Supreme Court of Kentucky.

July 3, 1978.

Rehearing Denied Sept. 12, 1978.

Eugene L. Mosley, Louisville, for movant.

Henry A. Triplett, Louisville, for respondent.

REED, Justice.

The issue for consideration is the effect of the decision in *Orr v. Coleman,* Ky., 455 S.W.2d 59 (1970), on the rule that requires the amount received from one co-tortfeasor in partial satisfaction of the whole claim to be credited against the full amount of damages as subsequently determined in a trial against the other co-tortfeasor.

PB&S Chemical Company sold a quantity of aqua ammonia to D. D. Williamson Company. The ammonia had been manufactured by Allied Chemical Company. Williamson claimed the ammonia was defective

and that the defect caused damages to the extent of $45,000. Williamson sued PB&S and Allied as co-tortfeasors. Judgment was sought against the defendants, "jointly and severally," in the total amount of $45,-000. Allied sought "indemnity or contribution" against PB&S. PB&S cross-claimed against Allied.

Shortly before the trial the plaintiff, Williamson, settled with defendant PB&S for $16,500. Plaintiff thereupon proceeded to trial against the remaining defendant, Allied. The jury found that the plaintiff's total damages were $20,000 and each defendant was responsible for 50% of the total damages. The trial judge entered judgment for the plaintiff against the nonsettling defendant, Allied, in the amount of $10,000. Later, the judge, upon Allied's motion, reduced the amount of plaintiff's judgment to $3,500. The plaintiff appealed to the Court of Appeals and asserted as the single claim of error the reduction of the amount of the judgment. The Court of Appeals panel in an unpublished opinion with one judge dissenting upheld the determination of the trial judge. The plaintiff then moved for discretionary review by this court, which we granted. We now reverse the decision of the Court of Appeals and remand the cause to the trial court with direction to restore the original judgment entered.

The parties to this appeal agree that *Orr v. Coleman,* supra, is applicable to this case and that the trial judge properly instructed the jury. Allied argues that it is entitled to a credit upon its liability as determined by the jury to the extent of the payment made by PB&S, the settling co-tortfeasor. Williamson insists that it should retain the benefit of its bargain with PB&S and recover from Allied, the nonsettling co-tortfeasor, the amount determined by the jury to be the liability of Allied to Williamson.

Both parties point to language in the *Orr* opinion to support their arguments. Allied asserts that *Orr* reaffirmed the pro tanto credit rule when it cited *Louisville Gas & Electric v. Beaucond,* 188 Ky. 725, 224 S.W. 179, 186–187 (1920) with approval. Wil-

liamson replies that the reference in *Orr* to *Beaucond* was in the context of a historical exposition from which flowed a new way of handling the problem in Kentucky. In *Orr* we stated:

"And if the nonsettling tortfeasor may then enforce contribution from the one who has settled, the purpose of the settlement is defeated. Should we hold that to be the case there would simply be no more partial settlements. The practical answer is that the jury should be required to assess the total amount of the claimant's damages and fix the proportionate share of the nonsettling tortfeasor's liability on the basis of his contribution to the causation. The trial court may then compute the amount of the judgment to be entered against the nonsettling tortfeasor, thus fixing his ultimate liability (and incidentally obviating any question of or necessity for contribution)."[1]

The traditional view has been that if the satisfaction received from a settling co-tortfeasor was understood to be only partial, it should not discharge the claim against the second co-tortfeasor, but the satisfaction received should be credited pro tanto to diminish the amount of damages recoverable against the nonsettling tortfeasor.[2] This principle is based, however, on the assumption that the entire liability rests on each co-tortfeasor because each has contributed to the single result, and that no rational division can be made. KRS 454.040 as construed in *Orr* rejects this assumption on which the pro tanto credit rule is based.[3] Under *Cox v. Cooper*, Ky., 510 S.W.2d 530, 536–537 (1974), when a jury under an *Orr* instruction apportions a verdict it thereby renders it "severally."

Williamson and PB&S reached an arm's-length negotiated settlement. PB&S bought its peace and Williamson sold its claim against PB&S for a price satisfactory to the settling parties. Allied and Williamson took their dispute to the jury. To now allow Allied to benefit from PB&S's generosity discourages the policy of encouraging and finalizing partial settlements. Regardless of the outcome of Williamson's "severable" claim against Allied (which a jury said was worth $10,000 in this case), Williamson could not reopen his settlement with PB&S, and *Orr* plainly requires the elimination of any question of contribution where the apportionment is made.

In *Nix v. Jordan,* Ky., 532 S.W.2d 762 (1975), we pointed out that KRS 454.040 (the apportionment statute) was applied in *Orr* in part because of the general public policy favoring settlements. We conclude in this case that that same policy militates in favor of allowing the plaintiff to enjoy a favorable settlement or being bound by a poor settlement. PB&S makes no complaint. Allied pays the amount determined by the jury.

The decision of the Court of Appeals is reversed and the cause is remanded to the Jefferson Circuit Court with directions to restore the original judgment in favor of Williamson against Allied in the amount of $10,000.

All concur.

---

1. *Orr v. Coleman,* Ky., 455 S.W.2d 59, 61 (1970).

2. W. Prosser, Law of Torts, section 50 at 304, 305 (4th ed. 1971)

3. For a very thorough and helpful discussion and evaluation of Kentucky law on the subject, see Germain, Remedies: Contribution and Apportionment Among "Joint Tortfeasors", 65 Ky.L.J. 256 (1976–77), and Park, Comparative Negligence is Here Now, 39 Ky. Bench and Bar 19 (1975).