Marvin Douglas STRATTON, Appellant,

v.

Bruce PARKER, Appellee.

No. 89-SC-334-DG.

Supreme Court of Kentucky.

June 28, 1990.

James O. Springate, Versailles, for appellant.

Ronald L. Green, Boehl, Stopher, Graves, & Deindoerfer, Lexington, for appellee.

VANCE, Justice.

In a personal injury action against joint tort-feasors in which one of them settled the claim before trial and the other went to trial, the question presented is whether the nonsettling defendant is entitled to credit on the judgment against him of the amount paid by the settling defendant when the jury determined that the settling defendant's percentage of causation of the plaintiff's injury was zero.

The appellant, Marvin Douglas Stratton, was injured in a motor vehicle accident. He claimed damages against the appellee, Bruce Parker, Johnson Investments, Inc., and The Keeneland Association. The claim

against The Keeneland Association was dismissed by summary judgment prior to trial.

The defendant, Johnson Investments, Inc., settled the claim against it before trial, and the case was ordered to proceed against appellee Parker with Johnson Investments, Inc. to be treated as a settling tort-feasor.

The alleged negligence of appellee Parker, the alleged negligence of the settling defendant Johnson Investments, Inc., and the alleged contributory negligence of the appellant Stratton was submitted to the jury under an apportionment instruction for the assessment of the amount of the total damages to Stratton resulting from his injury, and for the assessment of the degree of legal causation, if any, attributable to appellee Parker, to Johnson Investments, Inc., and to Stratton himself.

The jury attributed 25% of the legal causation to Parker, 75% to Stratton, and 0% to Johnson Investments, Inc. The trial judge, thereupon, entered a judgment for Stratton against Parker for 25% of the total damages found by the jury. Parker then sought credit on the judgment against him of the amount which Johnson Investments, Inc. had paid to Stratton in settlement of Stratton's claim against it. The trial judge allowed the credit, and the Court of Appeals affirmed the judgment.

We granted discretionary review and now reverse.

Under common law in Kentucky, a judgment against joint tort-feasors imposed joint and several liability. The plaintiff could enforce his judgment against either of the tort-feasors or against all of them. To prevent double recovery, any amount collected from one defendant was credited to the other.

Because it was generally thought to be impossible to divide a single indivisible injury into parts and to determine which part each of the joint tort-feasors was responsible for, the common law held each of them responsible to the injured party for the entire injury. By like token, an injured party whose negligence contributed to his own indivisible injury was barred from recovery because of his contributory negligence.

Some states, while recognizing that a single injury is indivisible, have adopted the concept that the degree of legal causation of the injury attributable to each of jointly and concurrently negligent persons is capable of determination. *See Prosser & Keaton on the Law of Torts*, Ch. 11, Sec. 67, (5th ed.) It follows that since it is possible to allocate among tort-feasors the degree of percentage of legal causation of an injury which is attributable to each of them, the liability of each may be made to depend upon the degree of fault of each.[1] This is required by statute in Kansas, Oklahoma, Ohio, New Hampshire, and Vermont. *See* Speiser, Krause and Gans, *The American Law of Torts*, Vol. 1, Chapter 3 Sec. 11, Multiple Tort-feasors.

The departure from the common law legal concept of joint and several liability was first recognized in Kentucky by the enactment of K.R.S. 454.040 which provides that in a trespass action a jury may assess several damages, and that when so awarded, the judgment shall be in favor of the plaintiff against each defendant for several damages. This statute was held to apply to all types of trespass and to be valid, even though clearly in derogation of the common law, as early as 1888 in *Alexander v. Humber*, 86 Ky. 565, 6 S.W. 453 (1888). In *Alexander v. Humber*, this court stated that the statute was enacted in recognition of the fact that the fault of one joint tort-feasor may be more grievous than the fault of another.

The decision in *Orr v. Coleman*, Ky., 455 S.W.2d 59 (1970), is a precise recognition of the authority of a jury to apportion the liability among joint tort-feasors, even in cases where one of the tort-feasors had

---

1. Because each of joint tort-feasors was liable to an injured party for the entire amount of his damage, our rule formerly was that a release of one joint tort-feasor constituted a release of all. In line with the concept that the responsibility for causation may be divided among tort-feasors we now hold that the release of one joint tort-feasor does not constitute the release of all. *Richardson v. Eastland, Inc.*, Ky., 660 S.W.2d 7 (1983).

settled the claim against him and had been dismissed as a party to the action. The court noted with approval that the apportionment of liability and the entry of several, rather than joint and several, verdicts serves a good public purpose in two respects. First, it tends to encourage settlement of claims, and second, it eliminates any question of contribution because each tort-feasor is assessed only the damage which corresponds to his degree of legal causation of the injury. *Orr v. Coleman, supra,* is a clear expression that damages assessed severally under an apportionment instruction cannot be enforced jointly against joint tort-feasors.

*Cox v. Cooper,* Ky., 510 S.W.2d 530, 536–537 (1974), solidified this principle.

"It is suggested that the proper relationship between KRS 454.040 and KRS 412.030 is that as to the plaintiff the recovery is joint but as between the defendants it is according to the apportionment fixed by the jury. Indeed that seems to be the impression conveyed by a passage in *Orr v. Coleman,* Ky., 455 S.W.2d 59 (1970), appearing at 455 S.W.2d 61. We hasten to correct that impression. From a literal construction of KRS 454.040 there can be little doubt that when the jury chooses to apportion its award between or among joint tort-feasors their respective liabilities become fixed and finally settled, not only as to plaintiff or plaintiffs but as among themselves, except for the costs of the proceeding, which the statute expressly reserves as a joint liability. The applicability of KRS 412.030 is thus limited to the costs alone. The form of the judgment entered by the trial court was correct."

Although *Orr v. Coleman, supra,* and earlier cases, allowed the apportionment of damages between defendants, it was not until *Hilen v. Hays,* Ky., 673 S.W.2d 713 (1984), that apportionment of damages between a plaintiff and a defendant according to the degree of fault was permitted. In that case we held that simple fairness required, "... liability for any particular injury in direct proportion to fault." *Id.* at 718. Thus, although a plaintiff's injury is indivisible and his fault has contributed to his indivisible injury, he no longer is precluded from recovery because of his contributory fault. Under *Hilen v. Hays, supra,* he is now precluded from recovery of only a percentage of his damage commensurate with his degree of fault.

In *Daulton v. Reed,* Ky., 538 S.W.2d 306 (1976), we held that an apportioned verdict against joint tort-feasors must result in a several judgment against each in the amount apportioned to each. We held that where there has been an active assertion of a claim against one who would have been a defendant except for the fact that he had settled his claim, the judgment against the nonsettling defendant must be a several judgment commensurate with his degree of fault. We reversed a judgment which imposed 100% of the liability upon a tort-feasor whose fault was apportioned at 75%.

In *Prudential Insurance Company v. Moody,* Ky., 696 S.W.2d 503 (1985), we held that when a verdict was apportioned between two tort-feasors at 50% each, each of them was severally liable to the plaintiff for 50% of his injury. Even though the claim against one of them was barred by the statute of limitations and plaintiff could recover nothing from him, the liability of the other was limited to 50% of the total damage. Thus, in a case of apportioned fault, the judgment against each defendant is several, and the liability of each defendant is limited to the degree of his causation of the plaintiff's injury.

In *Floyd v. Carlisle Construction Company,* Ky., 758 S.W.2d 430 (1988), we extended the principle further and held that apportionment was required, even as to one who had settled the claim against him and was not a party to the lawsuit, either as a defendant or a third-party defendant. In *Floyd v. Carlisle Construction Company,* we held apportionment is required between joint tort-feasors, and that one will be construed to be a defendant, whether named as a party to the action or not, if he has settled his liability on the plaintiff's claim. We further held:

"... that when there are joint tort-feasors the liability of either of them is limited to the extent of his fault." *Id.* at 432.

K.R.S. 454.040 permits a jury to apportion damages among joint tort-feasors but does not require it. *Orr v. Coleman, supra,* has language which indicated that apportionment is required.

"... The practical answer is that the jury should be required to assess the total amount of the claimant's damages and fix the proportionate share of the nonsettling tortfeasor's liability on the basis of his contribution to the causation. The trial court may then compute the amount of the judgment to be entered against the nonsettling tortfeasor, thus fixing his ultimate liability (and incidentally obviating any question of or necessity for contribution).

*Id.* at 455 S.W.2d 61.

*Floyd v. Carlisle Construction Company, supra,* held that apportionment was required and that the defendant was entitled to an apportionment instruction. Section 1 of House Bill 551, enacted by the General Assembly in 1988, provides:

"(1) In all tort actions, including products liability actions, involving fault of more than one party to the action, including third party defendants and persons who have been released under subsection (4) of this section, the court, unless otherwise agreed by all parties, shall instruct the jury to answer interrogatories or, if there is no jury, shall make findings indicating:

"(a) The amount of damages each claimant would be entitled to recover if contributory fault is disregarded; and

"(b) The percentage of the total fault of all the parties to each claim that is allocated to each claimant, defendant, third party defendant, and person who has been released from liability under subsection (4) of this section.

"(2) In determining the percentages of fault, the trier of fact shall consider both the nature of the conduct of each party at fault and the extent of the causal relation between the conduct and the damages claimed.

"(3) The court shall determine the award of damages to each claimant in accordance with the findings, subject to any reduction under subsection (4) of this section, and shall determine and state in the judgment each party's equitable share of the obligation to each claimant in accordance with the respective percentages of fault.

"(4) A release, covenant not to sue, or similar agreement entered into by a claimant, and a person liable shall discharge that person from all liability for contribution, but it shall not be considered to discharge any other persons liable upon the same claim unless it so provides. However, the claim of the releasing person against other persons shall be reduced by the amount of the released person's equitable share of the obligation, determined in accordance with the provisions of this section."

The law has now developed to the point that in tort actions involving the fault of more than one party, including third-party defendants and persons who have settled the claim against them, an apportionment instruction, if requested, must be given whereby the jury will determine the amount of the plaintiff's damage and the degree of fault to be allocated to each claimant, defendant, third-party defendant, and person who has been released from liability. The extent of the liability of each is a several liability and is limited to the degree of fault apportioned to each.

■ In this case, the jury made such a determination. The appellee is liable for an amount equal to his degree of fault, no more and no less. He is not entitled to credit for any amount paid by a settling defendant who was found not to be at fault. *D.D. Williamson & Company v. Allied Chemical Corporation,* Ky., 569 S.W.2d 672 (1978). *Burke Enterprises, Inc. v. Mitchell,* Ky., 700 S.W.2d 789 (1985), is distinguishable because no apportionment instruction was requested or given.

In this case, an apportionment instruction was given and the liability of the ap-

pellee Parker was assessed at 25%. The appellee contends, however, that this was not an apportioned verdict because the apportionment of the degree of fault to Johnson Investments, Inc. was zero. The apportionment of liability under *Orr v. Coleman, supra,* is nothing more than a determination of the relative degree of causation of each of the parties to the plaintiff's injury. In this case, the jury apportioned 100% of the causation, 25% to Parker and 75% to the plaintiff himself. The fact that no fault was apportioned to Johnson Investments, Inc. does not lessen the fact that each of those against whom a percentage of fault was apportioned shall have a corresponding liability for the total damage.

Appellant relies upon the following statement in *Burke Enterprises, Inc. v. Mitchell, supra* at 700 S.W.2d 795:

"Under this rule, the jury cannot assess legal causation, and thus can make no apportionment, against a settling defendant who was *not* found at fault." (Emphasis in original.)

The quoted language does not mean that an apportionment of zero fault is not an apportioned verdict. It simply means that if the jury finds one defendant to be without fault, it cannot then assess any legal causation to him, and none of the total damage can be apportioned to him. Because apportionment is only a mechanism to determine the relative degree of fault of various parties, the apportionment of zero fault is simply a determination of the relative degree of fault as zero.

The judgment is reversed with directions that a new judgment be entered for the appellant Stratton against the appellee Parker for one-fourth of the total damage found by the jury, and said judgment shall not allow any credit to appellee Parker of the amount paid to Stratton by Johnson Investments, Inc. in settlement of the claim against it.

STEPHENS, C.J., and GANT, VANCE and WINTERSHEIMER, JJ., concur.

LEIBSON, J., concurs by separate opinion in which COMBS and LAMBERT, JJ., join.

LEIBSON, Justice, concurring.

Respectfully, I concur in results only.

The circumstances in this case called for nothing beyond a simple application of our decision in *Orr v. Coleman,* Ky., 455 S.W.2d 59 (1970). In *Orr,* using KRS 454.-040 only for the purpose of analogy, our Court addressed the problem that arises when the plaintiff settles with one of several *named* defendants before trial and held that when this occurs the jury should be instructed to apportion damages between settling and nonsettling defendants. That is exactly what the trial court's instruction permitted in the present case. Thus, I agree with the result reached in the Majority Opinion: since the jury apportioned liability zero against the settling defendant, under *Orr v. Coleman* it was error to give the nonsettling defendant a credit on the judgment against him for the amount previously paid by the settling defendant.

This result is reached by simple application of *Orr v. Coleman,* and this is as far as the present Opinion should go. The Majority Opinion should not have used the occasion to expound views on apportionment issues not involved in this case. The Majority Opinion is seriously flawed for two reasons:

1) In tracing the history of apportionment law in this jurisdiction from the enactment of KRS 454.040 to present, the Majority Opinion erroneously characterizes the meaning and effect of a number of earlier cases:

"The law has now developed to the point that in tort actions involving the fault of more than one party, including third-party defendants and persons who have settled the claim against them, an apportionment instruction, if requested, must be given whereby the jury will determine the amount of the plaintiff's damage and the degree of fault to be allocated to each claimant, defendant, third-party defendant, and person who has been released from damage. The extent of the liability of each is a several

liability and is limited to the degree of fault apportioned to each." Majority Op., p. 820.

It is error to characterize the law as having already "developed to the point" as stated in this quote. The fact that apportionment is now permitted between plaintiff and defendant under the comparative negligence doctrine adopted in *Hilen v. Hays*, Ky., 673 S.W.2d 713 (1984), does not change the situation one iota. No decision of this Court thus far has presumed to overrule KRS 454.040, the apportionment statute, or, for that matter, KRS 412.030, the contribution statute.

KRS 454.040, the apportionment statute, requires that where there are multiple "defendants" the jury should be permitted to either apportion damages or to award damages in a single sum against all defendants, in the jury's discretion. As stated in *Lexington Country Club v. Stevenson*, Ky., 390 S.W.2d 137 (1965), under this statute a jury may return a verdict allowing the plaintiff recovery against one defendant or another, or against both jointly, or against each in different amounts.

KRS 412.030, the contribution statute, permits a defendant a third-party complaint or a separate action for contribution, as an alternative to seeking an apportionment instruction.

*Floyd v. Carlisle Construction Co.*, Ky., 758 S.W.2d 430 (1988), discussed in the Majority Opinion, was concerned only with a settling tortfeasor who was not a party to the lawsuit. *Floyd v. Carlisle Construction* held a nonsettling defendant was entitled to an apportionment instruction when the claimant had settled before filing suit with a person potentially liable as a joint tortfeasor, even though such person had never been named as a defendant in the lawsuit. The subject of apportionment against persons who are nonparties and who have not paid anything to settle with the claimant was *not before us then, as it is not before us now*. Justice Vance's opinion in *Floyd v. Carlisle Construction* sought to go further *in a footnote* suggesting the Majority would be prepared to overrule *Nix v. Jordan*, Ky., 532 S.W.2d 762 (1975) if the issue were before them, and in his *separate Concurring Opinion*, but neither of these is precedent tying the hands of our Court in future cases. Not until now have his views reached the status (albeit dicta) of being incorporated in a Majority Opinion.

2) The Majority Opinion in the present case, as did Justice Vance's separate Concurring Opinion in *Floyd v. Carlisle Construction, supra*, takes on the meaning and application of the apportionment section of "House Bill 551, enacted by the General Assembly in 1988," now codified as KRS 411.182. As I stated in my Dissent in *Floyd v. Carlisle Construction*, this is "a statute we have yet to consider." The meaning and constitutionality of H.B. 551 are not before us in this case which was tried before its effective date. Surely we should not bind our hands in future cases by the present decision, nor should we close our minds to issues yet to be briefed and argued before this Court by prejudging the meaning and application of this statute in the present Opinion.

Neither KRS 454.040 nor KRS 412.030 was expressly repealed by H.B. 551, and the effect of H.B. 551 on these statutes remains to be decided in an appropriate case by this Court. We do not, and should not decide in the present opinion a matter that will be of great importance in the future because of the large number of civil cases it will affect.

The difficulties experienced at the trial court and in the Kentucky Court of Appeals in the present case were generated by the ill-conceived result that we reached in *Burke Enterprises, Inc. v. Mitchell*, Ky., 700 S.W.2d 789 (1985). In my Dissenting Opinion in *Burke*, I warned of the internal inconsistency between the principles of law involved and the result reached. The *Burke Enterprises* case should have been limited to its facts, a situation where *no apportionment instruction was requested and none given*, so the nonsettling defendant was still entitled to a credit against the judgment on the amount previously paid by a settling defendant under

traditional principles of tort liability stated in *Restatement (Second) Torts*, § 885(3).

The present Opinion can but add to the vexatious problems faced by our trial courts seeking a way to deal with unworkable opinions. Since we seem unable to make the situation better, at least until we are further advised, our prime concern should be to take care to do no harm. The expansive nature of the Opinion in this case adds to the problems faced by our trial courts.

COMBS and LAMBERT, JJ., join this concurring opinion.