**Robert NIX, Jr., et al., Appellants,**

v.

**Mary K. JORDAN et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 3, 1975.

W. R. Patterson, Jr., Landrum, Patterson & Dickey, Lexington, Charles E. Carter, Owenton, for appellants.

James T. Robertson, Joe H. Taylor, Louisville, Robert C. Ford, Jr., Owenton, for appellees.

PALMORE, Justice.

Mary K. Jordan was injured in a collision between an automobile driven by her husband, Orval Jordan, in which she was a passenger, and an automobile owned by Robert Nix and driven by his son, Robert, Jr., within the family purpose doctrine. In this action Mrs. Jordan sued the Nixes but did not assert a claim against her husband. The Nixes, however, brought a third-party complaint against Orval Jordan demanding, among other things, "contribution in the amount of one-half of any judgment which may be rendered in favor of the Plaintiff against these Defendants and Third Party Plaintiffs," etc.

Under an instruction based on joint and concurrent negligence of Orval Jordan and Robert Nix, Jr., a jury awarded Mary K. Jordan damages of $7,000 against the Nixes. Judgment was entered accordingly, in which the Nixes were awarded contribution against Orval Jordan equal to one-half the amount of the judgment and costs. The Nixes appeal.

We have reviewed the record and are of the opinion that there were no errors sufficient to justify a reversal. There is, however, one point on which a discussion may be helpful to the bench and bar in future trials.

Before the case was submitted counsel for the Nixes requested that the jury be permitted to apportion the liability between the Nixes and Orval Jordan if it should find both drivers negligent.* It is contended here that *Orr v. Coleman*, Ky., 455 S.W.2d 59 (1970), was applicable and that the trial court erred in not permitting the jury to apportion the damages.

* (For the purpose at hand it may be assumed that the request for such an instruction was tantamount also to a request for permission to amend the prayer of the third-party complaint.)

Though it might otherwise make good sense to apply the principle of apportionment among joint tortfeasors without exception, the authority for *Orr v. Coleman*, Ky., 455 S.W.2d 59 (1970) derives from a statute (KRS 454.040) which cannot fairly be construed that liberally. Literally, the statute permits apportionment only against "defendants," which necessarily means joint defendants. Orval Jordan was a defendant, but only as to the third-party complainants, and not as to the original plaintiff. In *Orr v. Coleman, supra,* the settling tortfeasor was no longer a defendant in the sense of being a party to the lawsuit, but it was our opinion that the public policy of encouraging settlements justified our construing KRS 454.040 to include as "defendants" joint tortfeasors who probably would have been defendants but for the fact that they had bought their peace. Certainly the settlement itself attests the active assertion of a claim, whereas in this case, by contrast, it is obvious that the plaintiff had not asserted any claim against her husband, the third-party defendant.

The judgment is affirmed.

All concur except LUKOWSKY, J., not sitting.