**Fred CONLEY and Jacklyn Conley, Appellants,**

v.

**AMERICAN MOTORS CORPORATION, Jeep Corporation, American Motors Sales Corporation, American Motors (Canada) Ltd., and Ken Isaacs Pontiac–Cadillac–Oldsmobile–Jeep, Inc., Appellees.**

No. 88–CA–1069–MR.

Court of Appeals of Kentucky.

March 10, 1989.

Discretionary Review Denied
by Supreme Court
May 31, 1989.

Michael A. Stidham and A. Dale Bryant, Jackson, for appellants.

William D. Grubbs, Richard H. C. Clay, Woodward, Hobson & Fulton, Louisville, Stephen M. O'Brien, III, Landrum & Shouse, Lexington, and William G. Francis, Prestonsburg, for appellees.

Before McDONALD and WEST, JJ., and WHITE, Special Judge.

McDONALD, Judge.

This is an appeal from a summary judgment which dismissed Fred and Jacklyn Conley's complaint against the appellees, American Motors Corporation, Jeep Corporation, American Motors Sales Corporation, American Motors (Canada) Ltd., and Ken Isaacs Pontiac–Cadillac–Oldsmobile–Jeep, Inc.

On June 9, 1984, Fred Conley was injured in a single vehicle accident on Kentucky Route 191 in Morgan County, Kentucky. He was driving a Jeep CJ–5 which was manufactured and marketed by the various appellees. For the purposes of our review, we will assume that the Jeep CJ–5 is a defective product, particularly in its design.

The facts show that at about 6:00 p.m., as he was driving toward West Liberty, Conley entered a curve in front of the Joan and David Beasley home, hit gravel on the shoulder of the road with his right wheels, then traveled across the road and went off the road with his left wheels in front of the house of Clara Friend. After that point, he re-entered the highway and rolled over several times, ejecting himself from the vehicle. He was not wearing his seat belt. Mr. Conley has no memory of the events leading up to the accident nor of the accident itself. Several hundred feet were involved from the point he first lost control to the Jeep's final resting place with some witnesses describing the vehicle as literally flying and flipping end over end.

The investigating police officer testified that he saw a case and a half of beer in the Jeep. Other witnesses testified about beer cans on the road or near the final resting

place of the Jeep. Undisputed evidence shows that Mr. Conley's blood alcohol content was .139 at the time it was drawn at the medical center, and by calculation, the alcohol content at the time of the accident would have been between .175 and .184.

Mr. Conley's testimony about drinking was that he did not think he had been drinking, and one witness, James Elam, testified that he was with Conley until 5:30 p.m. on the date of the accident and that Conley had nothing to drink as of that time.

On motion of the appellees for summary judgment, the circuit court applied KRS 411.320(3) which statutorily sets up contributory negligence as a defense in product liability cases. This defense was approved in *Reda Pump Co., Inc., a Div. of TRW, Inc. v. Finck*, Ky., 713 S.W.2d 818 (1986), although comparative fault was adopted by *Hilen v. Hays*, Ky., 673 S.W.2d 713 (1984), in ordinary negligence cases.

The appellant argues that KRS 411.182, effective July 15, 1988, adopts comparative negligence for all torts, including product liability cases, and supersedes KRS 411.-320(3). The appellants' argument about applying the statute currently is not persuasive because KRS 411.182 was not granted expressed retroactive application as is required by the legislature under KRS 446.080(3). Therefore, applying the criteria imposed upon review of summary judgments in *Paintsville Hosp. Co. v. Rose*, Ky., 683 S.W.2d 255 (1985), and applying the previous statute imposing contributory negligence, we are of the opinion that the circuit court was correct in entering the summary judgment on the basis that it did.

The judgment of the Morgan Circuit Court is affirmed.

All concur.