Edward F. ZIMMERMAN and Travelers Insurance Company, Appellants,

v.

MILLER'S BOTTLED GAS, INC. and Rockwell International, Inc., Appellees.

TRAVELERS INSURANCE COMPANY, Appellant,

v.

MILLER'S BOTTLED GAS, INC. and Rockwell International, Inc., Appellants.

ROCKWELL INTERNATIONAL, INC., Cross–Appellant,

v.

Edward F. ZIMMERMAN, Travelers Insurance Company, and Rockwell International, Inc., Cross–Appellees.

No. 88–CA–573–MR, 88–CA–602–MR and 88–CA–603–MR.

Court of Appeals of Kentucky.

May 5, 1989.

Discretionary Review Denied Sept. 20, 1989.

Frederick C. Dolt, Tyler S. Thompson, Louisville, for Zimmerman.

Peter J. Sewell, Friedrich D. Stair, Segal & Shanks, Louisville, for Travelers Ins. Co.

W. Currie Milliken, Milliken Law Firm, Bowling Green, for Miller's Bottled Gas.

John David Cole, Elizabeth Y. Downing, Cole, Broderick, Minton, Moore, & Thornton Bowling Green, for Rockwell Intern., Inc.

Before HOWERTON, C.J., and MILLER and REYNOLDS, JJ.

HOWERTON, Chief Judge.

This is a case where Zimmerman, an employee of Rockwell International in Bowling Green, Kentucky, was injured when he started the engine of his forklift truck in a van filled with propane gas which had leaked from a defective tank supplied by Miller's Bottled Gas. An explosion occurred, and Zimmerman was severely burned. He was paid his medical benefits and some lost wages through workers' compensation provided by Rockwell through Travelers Insurance Company. Zimmerman sued Miller's Bottled Gas, Inc. for its negligence, and that action was the beginning of this present saga.

Miller's Bottled Gas filed a third-party claim against Rockwell International, alleging that Rockwell was negligent by failing to inspect the propane tanks or by failing to properly train Zimmerman. Travelers Insurance Company was permitted to intervene to be subrogated for any award paid to Zimmerman which it had already paid through the workers' compensation benefits.

Zimmerman had been paid a total of $70,975.05 by Travelers; $36,139.41 was for medical expenses, $25,473.00 was for par-

tial permanent disability, and $9,362.04 was for temporary disability. The jury awarded Zimmerman a total of $99,447.00, of which $13,010.00 was for past and future pain and suffering, $53,342.00 was for permanent impairment of his power to labor and earn money, $17,262.00 was for medical expenses, and $15,833.00 was for lost wages.

The court instructed the jury on the duties of each party and authorized an apportionment of liability between Zimmerman and Miller's. The jury found Miller's to be 34 percent at fault and Zimmerman to be 66 percent at fault. The jury was also asked whether it believed that Rockwell was negligent and, if so, if such negligence was a substantial factor in causing the accident and the injury. The jury answered "yes" to this question, and the court then held that Miller's was entitled to indemnity from Rockwell. Since Rockwell had already paid Zimmerman under workers' compensation law, it would owe him nothing further. The final result was that Miller's did not have to pay Zimmerman, Rockwell did not have to pay Miller's, Zimmerman received nothing, and Travelers received no subrogation.

The court denied Zimmerman's motion for a new trial based on alleged evidence that the verdict had been obtained by lot. However, in response to Zimmerman's motion to amend the judgment, the court increased the award for medical expenses to $36,139.41. This was the uncontested amount which had been proven and which had been paid by Travelers for Zimmerman. This increased the total verdict to $118,324.41.

Although the amended judgment would have entitled Zimmerman to $40,230.30 against Miller's for the 34 percent fault of Miller's, Zimmerman nevertheless received no compensation. The record indicates that Zimmerman would have been entitled to keep approximately $16,000.00 for additional compensation and that Travelers would have been entitled to recover approximately $24,000 for compensation it had already paid.

Zimmerman has appealed, contending that he is entitled to a new trial because the verdict was obtained by lot, and because Miller's was not required to pay him the $40,000.00 judgment. Travelers has separately appealed, arguing that Miller's was not entitled to indemnity from Rockwell, and Rockwell has filed a cross-appeal also arguing that it is not required to provide indemnity to Miller's Bottled Gas, Inc. Miller's, of course, argues that the trial court made no error.

We can only conclude that clear error has been committed in this case. The problem is in identifying just where and how often something went wrong. The case points out the problems associated with such things as indemnity and contribution when there is alleged negligence by several parties, including one party who was not named as a defendant in the original action.

■ It appears clear to this Court that Rockwell need not indemnify Miller's Bottled Gas in this situation. Rockwell and Miller's were not in *pari delicto*. Their negligence was not joint as against Zimmerman. Miller's was clearly guilty of its own negligence in supplying defective bottled gas canisters to be used on the forklift trucks operated at Rockwell. If Rockwell was negligent in failing to train Zimmerman, its negligence would run to Zimmerman, but it has already fully compensated Zimmerman through workers' compensation. Zimmerman did not seek any indemnity from Rockwell, nor could he have in this situation, but Zimmerman has paid his part of the damages with injuries and suffering to his own body. Miller's should therefore pay Zimmerman the amount the jury awarded according to the apportionment given by the jury. Travelers should likewise be entitled to subrogation according to what it has already paid for specific benefits or as may have been agreed between Zimmerman and Travelers.

■ This solution does not completely solve the problems involved in this case, however. The jury verdict is questionable,

at least. Zimmerman argues that one juror indicated that the jury had agreed to accept as a verdict the average each juror was willing to award. While this allegation is disputed by the foreman of the jury, who claims that there was no commitment to be bound by the average, the court never subpoenaed the jurors to return to court to verify just what happened. If, in fact, the verdict was reached by lot, it is invalid and void. If the jurors were not bound by their agreement to accept the average, but the averaging was merely a way to begin the deliberations to find some acceptable total, then it is not void.

The verdict is somewhat suspect, however, because the jury only awarded $17,-262.00 for medical expenses, when the undisputed evidence indicated that the total amount was $36,139.41. While we could remand the case for the court to subpoena the jurors and make its determination on this issue, viewing the totality of this appeal, we nevertheless determine that fundamental fairness demands a new trial.

■ We direct the Warren Circuit Court's attention to the case of *Floyd v. Carlisle Construction Co.*, Ky., 758 S.W.2d 430 (1988), which has substantially alleviated the problems created by comparative negligence, apportionment, indemnity, and contribution. The case holds that apportionment is to be allowed and determined among all tort feasors, whether they were named as an original defendant, a third-party defendant, or they have settled their claim with the plaintiff. To the extent that *Nix v. Jordan*, Ky., 532 S.W.2d 762 (1975) is in conflict with *Floyd, Nix v. Jordan* has been overruled.

The trial court appropriately attempted to rely on *Nix v. Jordan* when it gave its apportionment instruction. It was still the law on apportionment at that time. However, *Floyd, supra*, points out that the old rule does not work under comparative negligence. The court also relied on *Burrell v. Electric Plant Board of Franklin*, Ky., 676 S.W.2d 231 (1984), for awarding indemnity from Rockwell to Miller's. While *Bur-*

*rell* need not apply due to factual differences in the nature of the parties' negligent acts, if any, the opinion in *Floyd, supra,* may require our Supreme Court to rethink its position in *Burrell.*

On remand, the trial court will give an instruction to the jury, allowing apportionment of liability among Zimmerman, Miller's Bottled Gas, and Rockwell International. To the extent that Rockwell International is assessed any apportionment of the liability, Zimmerman may not recover that amount, since he has already recovered from Rockwell under workers' compensation. Finally, to the extent that Zimmerman recovers from Miller's for medical expenses and any other losses which have been paid to Zimmerman by Travelers, Travelers will be entitled to subrogation.

The judgment of the Warren Circuit Court is REVERSED, and this case is REMANDED for further proceedings consistent with this opinion.

All concur.