DIX & ASSOCIATES PIPELINE CONTRACTORS, INC., Appellant and Cross-Appellee,

v.

Jerry L. KEY, Tom Hurst, d/b/a Bardstown Mills; and Bardstown Mills, Inc., Appellees and Cross-Appellants.

Nos. 89-SC-852-TG, 90-SC-330-TG.

Supreme Court of Kentucky.

Nov. 8, 1990.

Rehearing Denied Dec. 18, 1990.

David L. Holmes, Timothy C. Wills, Vimont & Wills, Lexington, for appellant and cross-appellee.

John G. Crutchfield, James C. Hickey, MacKenzie & Peden, P.S.C., Louisville, for appellees and cross-appellants.

VANCE, Justice.

We granted transfer of this case from the Court of Appeals to consider whether a conflict exists between the opinions of this court in *Nix v. Jordan*, Ky., 532 S.W.2d 762 (1975), and *Burrell v. Elec. Plant Bd. of Franklin, Ky.*, Ky., 676 S.W.2d 231 (1984), and the decisions of this court in *Hilen v. Hays*, Ky., 673 S.W.2d 713 (1984); *Prudential Life Ins. Co. v. Moody*, Ky., 696 S.W.2d 503 (1985); *Floyd v. Carlisle*

*Const. Co., Inc.*, Ky., 758 S.W.2d 430 (1988); and *Stratton v. Parker*, Ky., 793 S.W.2d 817 (1990).

On April 8, 1985, Mason Cornelius; an employee of Dix & Associates Pipeline Contractors, Inc. (hereinafter Dix & Associates) was killed at work when he was struck by a motor vehicle operated by Jerry Key, an employee of Bardstown Mills, Inc. Cornelius was survived by his wife, Barbara, and two children.

Claim was made against Dix & Associates, the employer, for workers' compensation benefits, and an action was instituted against Jerry Key and Bardstown Mills, Inc. as third-parties whose negligence was alleged to have cause the death.

Bardstown Mills, Inc. and Jerry Key filed a third-party complaint naming Dix & Associates as a third-party defendant. The third-party complaint alleged that the negligence of Dix & Associates caused or contributed to the death of Cornelius and asserted a claim against Dix & Associates for indemnity and/or contribution.

Thereafter, the estate of Cornelius, on April 22, 1987, settled its claim against Bardstown Mills, Inc., for the sum of $250,-000.00. At the time of settlement, Dix & Associates had paid $36,949.54 in compensation benefits. In the settlement agreement, Bardstown Mills, Inc. assumed responsibility for any subrogation rights that Dix & Associates would have to recover, pursuant to K.R.S. 342.700, the amounts it had paid in compensation benefits up to the time of the settlement.

Bardstown Mills, Inc. also obtained a release from each of the children of the deceased in which Dix & Associates and its insurance carrier were released from the payment of money for the compensation benefits to the children after April 22, 1987, and also obtained an assignment from the children of the right to collect future compensation benefits.

After the settlement, in which Dix & Associates did not participate, Dix & Associates filed a counterclaim in which it sought to recover from Bardstown Mills,

Inc., pursuant to K.R.S. 342.700, the $36,-949.54 it had paid in compensation benefits.

The law suit filed by the Cornelius estate against Bardstown Mills, Inc. was dismissed as settled, and the claim of Bardstown Mills, Inc. for indemnity and/or contribution against Dix & Associates, and the claim of Dix & Associates to recoup from Bardstown Mills, Inc. the sum it had paid in workers' compensation benefits were set for trial. The case was tried before a jury which was given an apportionment instruction as to the comparative "causative fault" of the parties. The jury apportioned "causative fault" as follows: 95 percent to Bardstown Mills, Inc. and 5 percent to Dix & Associates.

Despite the apportionment by the jury, the trial court awarded contribution to Bardstown Mills, Inc. against Dix & Associates for 50 percent of the amount of the settlement, subject to the limitation that the contribution could not exceed the amount paid by Dix & Associates as workers' compensation benefits. The court awarded judgment to Dix & Associates against Bardstown Mills, Inc. for the amount it had paid as workers' compensation benefits. The net effect of the judgment is that the two amounts effectively offset each other and is, as the trial judgment stated, "a washout."

In the trial court, Bardstown Mills, Inc. contended that the case was controlled by *Burrell v. Elec. Plant Bd. of Franklin, Ky., supra,* and *Nix v. Jordan, supra.* In *Burrell,* this court approved contribution on a 50–50 basis and stated that *Nix v. Jordan, supra,* prohibited apportionment of liability between a defendant and a third-party defendant.

Dix & Associates relied upon *Hilen v. Hays, supra,* and *Floyd v. Carlisle Const. Co., Inc., supra.* It contended that *Nix v. Jordan* was no longer applicable because the rule of comparative negligence announced in *Hilen v. Hays* is that liability should be assessed in direct proportion to fault. Dix & Associates contended that *Floyd v. Carlisle Const. Co., Inc., supra* required apportionment between a defendant and a third-party who had settled a

claim with the plaintiff and who was not named as a party to the litigation. Dix & Associates argue that if apportionment is required, even as to one who is not a party, it would be absurd to hold that apportionment is not required as to a named defendant who has been brought into the action as a third-party.

Dix & Associates contend that *Nix v. Jordan* was not expressly overruled by *Floyd v. Carlisle Const. Co., Inc., supra,* because *Floyd v. Carlisle Const. Co., Inc.* did not involve a named third-party defendant, but pointed out that it was indicated in a footnote in that opinion, that a majority of the court, if confronted with the precise question, would overrule *Nix v. Jordan.*

Indeed there has been some confusion in the courts created by our decisions in this area, and one panel of the Court of Appeals has concluded that *Nix v. Jordan* has been overruled (*Zimmerman v. Miller's Bottled Gas, Inc.,* Ky.App., 775 S.W.2d 934 (1989)) and another panel has held that *Burrell v. Elec. Plant Bd. of Franklin, Ky., supra,* is still controlling law (*Ingersoll–Rand Co. v. Rice,* Ky.App., 775 S.W.2d 924 (1989)).

K.R.S. 342.700(1) provides:

"(1) Whenever an injury for which compensation is payable under this chapter has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages, the injured employe may either claim compensation or proceed at law by civil action against such other person to recover damages, or proceed both against the employer for compensation and such other person to recover damages, *but he shall not collect from both.*" (Emphasis ours.)

The statute makes no mention of any limit upon the amount of recovery by an insured employee from a third person, and the state of the law as it existed when the statute was enacted would allow the employee a full and complete recovery from a negligent third party, although the negligence of the third party may not have been the only causative factor of the injury.

At common law, each one of jointly negligent persons was held to be entirely responsible for a single indivisible injury because it was thought that the injury could not be divided into parts to determine the responsibility of each negligent actor.

In Kentucky, however, joint and several liability was partially abrogated by K.R.S. 454.040 which permitted a jury the option of assigning either joint or several damages against defendants. This statute was construed in *Orr v. Coleman*, Ky., 455 S.W.2d 59 (1970), which permitted apportionment of liability between two defendants in an action, one of whom was no longer a defendant by reason of settlement. There is no doubt that the apportioned liability, pursuant to K.R.S. 454.040 and *Orr v. Coleman, supra,* is several liability as apportioned to each defendant and is not joint and several. *Cox v. Cooper*, Ky., 510 S.W.2d 530 (1974). K.R.S. 454.040 was enacted in recognition of the fact that the fault of one joint tort-feasor may be more grievous than the fault of another. *Alexander v. Humber*, 86 Ky. 565, 6 S.W. 453 (1888).

The apportionment of several liability to each of joint tort-feasors, approved in *Orr v. Coleman, supra,* was based upon a statute, and in *Nix v. Jordan, supra,* this court held that apportionment under the statute was permitted only as to codefendants named in the complaint, but that the statute could not be the basis for extending apportionment of liability to joint tort-feasors, one of whom was an original defendant and the other a third-party defendant.

Unless *Nix v. Jordan, supra,* is overruled, the appellees are correct that there should not have been an apportionment of liability in this case because the appellees were not defendants in the original action filed by the Cornelius estate but were brought in as third-party defendants in a claim for indemnity and/or contribution. Our first inquiry, then, is whether *Nix v. Jordan* remains valid.

The principles announced in *Hilen v. Hays, supra,* which established comparative negligence in Kentucky, and cases which followed it, including *Prudential*

*Life Ins. Co. v. Moody, supra; Floyd v. Carlisle Const. Co., Inc., supra;* and *Stratton v. Parker, supra;* have established that liability among joint tort-feasors in negligence cases is no longer joint and several but is several only. Because the liability is several to each negligent joint tort-feasor, it is necessary to apportion a specific share of the liability to each of them, and by necessity, that includes a joint tort-feasor brought into the action as a third-party defendant as well as the defendant named in the original complaint.

Prior to our decision in *Hilen v. Hays,* a negligent plaintiff was barred from recovery in a tort action by reason of his contributory negligence. We reversed and now allow a negligent plaintiff to recover from negligent defendants by an apportionment of the respective fault of the parties. Our decision in *Hilen v. Hays,* was premised upon the principle of fundamental fairness, that liability should be assessed in relation to fault and that the extent of liability should be determined by the extent of the fault.

Although *Hilen v. Hays* did not involve multiple defendants, the fundamental fairness doctrine asserted therein has caused some rethinking on the question of joint and several liability. Whereas it is fundamentally unfair for a plaintiff who is only 5 percent at fault to be absolutely barred from recovery from a defendant who is 95 percent at fault, it is equally and fundamentally unfair to require one joint tort-feasor who is only 5 percent at fault to bear the entire loss when another tort-feasor has caused 95 percent of the loss. Such a result is possible if the only tort-feasor named by the plaintiff in a law suit is only 5 percent at fault and another tort-feasor who is 95 percent at fault is brought in as a third-party defendant. *Nix v. Jordan,* if allowed to stand, would prohibit apportionment, and the plaintiff would recover his entire loss against the defendant who was 5 percent at fault, leaving that defendant to seek contribution and recover 50 percent, at best, and at worst, with an insolvent third-party defendant, he would recover nothing by contribution and would

thus suffer 100 percent of the loss even though only 5 percent at fault.

By the same token, it is fundamentally unfair for a defendant 95 percent at fault to recover one-half of the judgment against him from another defendant only 5 percent at fault.

*Burrell v. Elec. Plant Bd. of Franklin, Ky., supra,* was rendered three months after the decision in *Hilen v. Hays,* and at a time when the court had not fully considered all of the ramifications flowing from that decision. Since then, we have decided *Prudential Life Ins. Co. v. Moody, Floyd v. Carlisle Const. Co., Inc.,* and *Stratton v. Parker.* All of these cases point to the conclusion that apportionment is no longer an option which *may be exercised* where joint tort-feasors are named in the complaint. Apportionment is now *required* upon the request of either of the negligent parties.

In *Prudential Life Ins. Co. v. Moody, supra,* the plaintiff recovered judgment against joint tort-feasors against whom the jury apportioned fault at 50 percent each. On appeal, one of the defendants succeeded in having the judgment reversed because of the statute of limitations. The question then became whether the other defendant was liable for the entire amount of the judgment or only one-half of it. We held that each defendant was liable only to the extent of his fault, and the remaining defendant could not be required to bear the whole loss.

*Floyd v. Carlisle Const. Co., Inc.,* was a case where the plaintiff settled a claim with one tort-feasor and sued the other. *Nix v. Jordan* would not have permitted apportionment against the settling tort-feasor if he had been brought into the action as a third-party defendant. The settling tort-feasor was never made a party to the law suit in any fashion. Nevertheless, this court held that apportionment of liability was required between the defendant and a party who had settled the claim against him, even though not a party to the litigation. We stated:

"A tortfeasor who is not actually a defendant is construed to be one for pur-

poses of apportionment if he has settled the claim against him or if he was named as a defendant in the plaintiff's complaint even though the complaint was subsequently dismissed as to him.

"*The rule requiring apportionment among tortfeasors no longer rests exclusively upon K.R.S. 454.040. Apportionment also follows as a natural consequence of our decision in 'Hilen v. Hays', Ky., 673 S.W.2d 713 (1984).* In that case, we overturned a rule of longstanding that contributory negligence was an absolute bar to recovery and adopted the rule of comparative negligence. Our stated reasons for doing so was that simple fairness required, 'liability for any particular injury in direct proportion to fault.' *Hilen, supra,* at p. 718.

"We have implemented this concept that the extent of liability is limited to the extent of fault in *Prudential Life Insurance Co. v. Moody,* Ky., 696 S.W.2d 503 (1985), in which we held that where the defendants are equally at fault, but the claim against one of them is barred by the statute of limitations, the other defendant cannot be liable for more than 50% of the damages.

"It follows from *Hilen v. Hays* and *Prudential Life Insurance Company v. Moody* that when there are joint tortfeasors the liability of either of them is limited by the extent of his fault.[1]" (Emphasis ours.)

*Floyd v. Carlisle Const. Co., Inc.,* at 758 S.W.2d 432.

We also noted in a footnote that:

"[1] Because of the rule established in *Hilen v. Hays,* Ky., 673 S.W.2d 713 (1984) a majority of this court would now hold that apportionment is required even as to joint tortfeasors brought in as defendants in a third-party complaint and would overrule *Nix v. Jordan,* Ky., 532 S.W.2d 762 (1975) to the extent that it holds otherwise."

In *Stratton v. Parker,* Ky., 793 S.W.2d 817 (1990), we held:

"The law has now developed to the point that in tort actions involving the

fault of more than one party, including third-party defendants and persons who have settled the claim against them, an apportionment instruction, if requested, must be given whereby the jury will determine the amount of the plaintiff's damage and the degree of fault to be allocated to each claimant, defendant, third-party defendant, and person who has been released from damage. The extent of the liability of each is a several liability and is limited to the degree of fault apportioned to each."

In this case, what otherwise would have been tort liability of Dix & Associates to the injured worker has been extinguished by reason of the workers compensation coverage. As a practical matter, workers compensation coverage constitutes a settlement between the employee and the employer whereby the employee settles his tort claim for the amount he will receive as compensation. For all practical purposes, in this case, Dix & Associates occupies the position of a tort-feasor which has settled the tort claim against it.

■ In the case before us, the appellees contended that they were third-party defendants and that the apportionment herein was improper because *Nix v. Jordan* prohibited apportionment in such cases. The issue was presented and argued before the trial court and is now squarely before us.

To the extent that it prohibits apportionment of liability in tort actions between an original defendant and defendants brought into the litigation as third-party defendants, *Nix v. Jordan*, Ky., 532 S.W.2d 762 (1975) is overruled.

■ *Burrell v. Elec. Plant Bd. of Franklin, Ky.* relied upon *Nix v. Jordan* for the proposition that there could be no apportionment of liability. Because we now overrule *Nix v. Jordan*, we must now also overrule *Burrell v. Elec. Plant Bd. of Franklin, Ky.*, Ky., 676 S.W.2d 231 (1984), to the extent that it precluded apportionment of liability between the employer and the third person from whom the employee sought recovery of damages.

We hold that the apportionment of liability by the jury between the employer and the third party in this case was properly allowed.

In *Orr v. Coleman*, Ky., 455 S.W.2d 59, 61 (1970), we stated:

"The practical answer is that the jury should be required to assess the total amount of the claimant's damages and fix the proportionate share of the nonsettling tortfeasor's liability on the basis of his contribution to the causation. The trial court may then compute the amount of the judgment to be entered against the nonsettling tortfeasor, thus fixing his ultimate liability *(and incidentally obviating any question of or necessity for contribution)*." (Emphasis ours.)

In *Ohio River Pipeline Corp. v. Landrum*, Ky.App., 580 S.W.2d 713, 719–720 (1979), it was held:

"The right of contribution between joint tort-feasors is created by KRS 412.-030. Like apportionment of liability under KRS 454.040, contribution is concerned with the distribution of loss among joint tort-feasors. However, there are important differences. Under KRS 454.040, the trier of fact may apportion liability among the joint tort-feasors on the basis of the percentage of causation attributable to each. Apportionment is not required to be equal. *S. W. Corum Hauling, Inc. v. Tilford*, Ky., 511 S.W.2d 220, 221 (1974); *Cox v. Cooper, supra,* 510 S.W.2d at 536. Under the doctrine of contribution, the liability of each joint tort-feasor is equal and is not apportioned on the basis of causation. *Nix v. Jordan*, Ky., 532 S.W.2d 762 (1975); *see also Lexington Country Club v. Stevenson*, Ky., 390 S.W.2d 137, 143, fn. 4 (1965); *Elpers v. Kimbel*, Ky., 366 S.W.2d 157, 161 (1963). *If the trier of fact chooses to apportion its award among the joint tort-feasors, the question of contribution becomes moot.* Each joint tort-feasor is no longer liable for the entire judgment. Under KRS 454.040, each tort-feasor is liable only for the amount apportioned against it by the trier of fact. *Cox v. Cooper, supra,* 510

S.W.2d at 536–37; *Lexington Country Club v. Stevenson, supra,* 390 S.W.2d at 143." (Emphasis ours.)

■ Because liability was properly apportioned in this case, the settlement between appellees and the injured worker settled only appellees' liability to the injured worker, to-wit, 95 percent of the injured worker's claim for damages. Because the appellees have paid in settlement only for the damages caused by them, but did not pay for the 5 percent of the liability apportioned to Dix & Associates, it follows that the appellees have no claim against Dix & Associates for contribution.

The judgment in this case, insofar as it awarded contribution to appellees against the appellant, Dix & Associates, is reversed.

■ We next consider the subrogation claim of Dix & Associates to recover the $36,949.54 paid as workers compensation as permitted by K.R.S. 342.700(1).

Although an injured employee may proceed against both his employer and a third party, he is prohibited from recovery from both. As a means of preventing double recovery, the employer may intervene in the injured worker's claim against the third party and recoup an amount not to exceed the amount of compensation paid. The potential recovery from a third party does not extinguish the right to compensation, but to the extent that an injured party receives compensation for his injury from a third party, then to that extent, the employer may recover back its compensation paid. When K.R.S. 342.700 was enacted, an injured employee would normally be entitled to recover his entire loss from a negligent third party, and therefore the employer, to prevent double recovery, would be entitled to recoup out of the benefits received by the employee from the third party all of the compensation paid.

Under the law as it now exists, an injured worker may not recover all of his loss from a negligent third party. He may have only a partial recovery from the third party as liability is apportioned between the third party and the employer. If the injured worker is contributorily negligent,

some degree of fault will be apportioned to him, and he will not obtain a full recovery against a negligent third party. Since the employee in this case has only recovered 95 percent of his total damage from the negligent third party, the continuation of 5 percent of his workers compensation benefits will not amount to a double recovery. A double recovery can be prevented by allowing Dix & Associates to recoup only 95 percent of the compensation benefits paid. If the injured employee recovers only 95 percent of his loss from the negligent third party and his employer could recover out of that fund 100 percent of the amount paid in compensation benefits, not only would the employee not be whole, but the employer would profit from his own negligence.

Kansas has resolved the problem by statute. K.S.A. 44–504(d):

"(d) If the negligence of the worker's employer or those for whom the employer is responsible, other than the injured worker, is found to have contributed to the party's injury, the employer's subrogation interest or credits against future payments of compensation and medical aid, as provided by this section, shall be diminished by the percentage of the damage award attributed to the negligence of the employer or those for whom the employer is responsible, other than the injured worker."

In Kentucky, when an injured employee proceeds for workers' compensation against his employer and separately, in a tort action, against a negligent third party, if the employer is made a third-party defendant in the tort action, the jury should be instructed to determine the total damage sustained by the employee and to apportion liability between the employer and the third party according to the respective fault of each. The judgment against the negligent third party should be for only that percentage of the total damage which has been apportioned to him, and he will not have any claim for contribution against the employer. The employer shall then be entitled to recoup from the proceeds of the worker's settlement or judgment a percentage of the amount paid or payable as com-

pensation benefits equal to the percentage of fault apportioned to the negligent third party.

When a claim by an injured employee against a negligent third party in which the employer has been designated a third-party defendant is settled without trial and apportionment of liability, either the injured employee or the employer shall be entitled to litigate the issue of apportionment of liability in order to ascertain the extent of the employer's right to recoup compensation payments.

Ordinarily, the recoupment of compensation payments by an employer would come from the proceeds of any judgment against, or settlement with, the negligent third party. In this case, however, the negligent third party agreed to indemnify the estate of the injured worker as to any recoupment of compensation benefits paid up to the date of settlement. For that reason, the judgment may properly go against the appellees for recovery of 95 percent of the compensation paid to the date of settlement.

As we noted at the beginning of this opinion, we granted a transfer of this case from the Court of Appeals to consider whether a conflict existed between our opinions in *Nix v. Jordan, supra,* and *Burrell v. Elec. Plant Bd. of Franklin, Ky., supra,* and the decisions of this court in *Hilen v. Hays, supra; Prudential Life Ins. Co. v. Moody, supra; Floyd v. Carlisle Const. Co., Inc., supra;* and *Stratton v. Parker, supra.* These potential conflicts were called to the attention of the trial court. The issue of contribution was raised on the appeal whereby appellant contended that the negligent third party was not entitled to any contribution whatever, albeit for a different reason than the one adopted in this opinion. The question of whether the appellees should be entitled to any contribution whatever because they had settled only the liability for the 95 percent of the injury apportioned to them was fully explored in oral argument before this court. The extent of the employer's right to recover compensation paid and payable was raised by cross-appeal, and the ques-

tion of whether it should recover all or 95 percent of the compensation paid and payable was fully explored in the oral argument before this court.

We are not cited to any specific pleading which raised an issue as to the validity of the release of future benefits to the heirs of the injured worker or the assignment of those future benefits to appellees. The trial court made no decision relating to those issues, and we do not reach those issues in this opinion.

The judgment is reversed with direction that the claim of the appellees for contribution be denied and that judgment be entered for appellant for the recoupment of 95 percent of the workers' compensation benefits paid or payable by it.

STEPHENS, C.J., and GANT and WINTERSHEIMER, JJ., concur.

LEIBSON, J., dissents by separate opinion in which COMBS and LAMBERT, JJ., join.

LEIBSON, Justice, dissenting.

Respectfully, I dissent. It is our duty to decide the case at hand, and not to expound at length on some hypothetical fact situation which is not involved in the case at hand. Here we have abandoned the first principle of judicial authority, which is to decide cases in controversy.

These are the facts of this case. Mason Cornelius, an employee of Dix & Associates, was part of a crew involved in laying a waterline across Kentucky Highway #1430 in Nelson County, Kentucky. He was struck down and fatally injured by a grain truck owned by Bardstown Mills and operated by Jerry L. Key. His employer, Dix & Associates, through its workers' compensation insurance carrier, paid statutory benefits to his estate and his family totaling about $37,000. In addition to accepting these benefits, Cornelius' estate brought a wrongful death action seeking complete recovery for full damages against Key/Bardstown Mills. KRS 342.700(1), styled "Remedies when third party is legally liable," states "the injured employee may *either claim compensation or pro-*

*ceed at law by civil action against such other person to recover damages,* but he *shall not collect from both."* [Emphasis added.]

Key/Bardstown Mills, the defendants in the wrongful death action, filed a third-party complaint against the employer claiming it had failed to properly warn the public about the construction site and seeking contribution. KRS 342.690(1) specifically authorizes *limited* contribution. It provides the employer may be liable "to another person who ... has paid damages on account of injury or death of an employe of such employer arising out of and in the course of employment and caused by a breach of any duty or obligation owed by such employer to such other ... limited to the amount of compensation and other benefits for which such employer is liable under this chapter." This recognizes the right of the party defendant in the employee's common law tort action to obtain contribution against the employer, but limits recovery to the employer's liability for benefits under the compensation law.

The employer, Dix & Associates, counterclaimed seeking reimbursement for the workers' compensation benefits it had paid.

Key/Bardstown Mills settled the wrongful death claim made by the employee's estate against them for $250,000. Key/Bardstown Mills took a "General Release" acknowledging payment in full for all claims and causes of action and releasing the defendants, Key/Bardstown Mills, "and all other persons, corporations, or other entities, legally liable or responsible, of and from any and all liability, now existing or hereafter to exist or accrue, on account of or because of [Cornelius'] injury and death." This was a complete release for full damages. It was not subject to interpretation that the employee's estate and his heirs had been paid only partial satisfaction of the wrongful death claim. The partial settlement principle stated in *Richardson v. Eastland, Inc.,* Ky., 660 S.W.2d 7 (1983) and *Restatement (Second) of Torts,* § 885(1) has no application to this case. The employee's estate was paid $250,000 for his wrongful death claim in addition to

$37,000 in workers' compensation benefits the employer had already paid; a total of $287,000. The idea the employee's estate was paid only 95% is pure fiction.

The settlement was reached without notification to or participation by the employer and made no provision for reimbursement to the employer for the statutory subrogation right to reimbursement for workers' compensation benefits paid before the settlement, which is created by KRS 342.-700(1). *Cf. City of Louisville v. Burch,* Ky.App., 611 S.W.2d 532 (1981).

This brings us to certain facts which are unique to this case. As part of the settlement agreement, Key/Bardstown Mills agreed to indemnify Cornelius' dependants and estate for its statutory obligation to repay workers' compensation benefits, created by KRS 342.700(1), thus agreeing to assume the estate's legal responsibility for repaying these benefits. Because of this agreement to indemnify the estate, the trial court entered a summary judgment for Dix & Associates against Key/Bardstown Mills on its claim for reimbursement for "paid workers' compensation benefits totaling $36,949.54," plus prejudgment interest. This judgment has never been appealed.

The *only* question of law before us in this case is thus stated in the "Motion to Transfer":

"Whether the determination of *liability on a contribution claim* should be according to percentages of fault in keeping with the comparative negligence principles adopted in *Hilen v. Hays* for cases pending *prior* to the effective date of KRS 411.182." [Emphasis added.]

Rather than deciding the issue presented, Justice Vance's Opinion undertakes to consider the rights of an injured worker to recover damages at common law against a tortfeasor (not his employer), and mandates that such damages should be reduced to the extent of his employer's negligence. Here the employee's estate has been paid off in full. It is *not* a party to this appeal. The damages it has been paid are not subject to challenge; nor can they be designated only a partial payment of the employee's wrongful death damages, as done in the

Majority Opinion, by any stretch of the imagination.

We are called upon by the parties to *construe* the contribution statute, KRS 412.030, as it applies to this case between the appellant, Dix & Associates and the appellees, Key/Bardstown Mills. The Majority responds by holding the contribution statute *no longer exists,* presumably eradicated because our Court adopted comparative negligence in *Hilen v. Hays,* Ky., 673 S.W.2d 713 (1984), and replaced by an apportionment scheme in which the injured worker will lose a percentage to be apportioned to the employer, regardless of whether or not the damages thus cut off are replaced by workers' compensation.

KRS 412.030, the contribution statute at issue was not court-created and cannot properly be court-repealed. It states as follows:

"Contribution among wrongdoers may be enforced where the wrong is a mere act of negligence and involves no moral turpitude."

This statute was enacted in 1926 to supplant the existing common law rule in negligence cases that no right of action for contribution existed between joint tortfeasors in *pari delicto. See Consolidated Coach Corp. v. Burge,* 245 Ky. 631, 54 S.W.2d 16 (1932). Before the statute was enacted "recovery over [would] not be allowed as between joint tortfeasors ... in *pari delicto." Louisville Ry. Co. v. Louisville Taxicab & Transfer Co.,* 256 Ky. 827, 77 S.W.2d 36, 39 (1934). The statute now permits such recovery.

Contribution and apportionment are two different entities. The right of contribution is about one tortfeasor who has paid or become obligated to pay the victim seeking recoupment for a part of this obligation from another tortfeasor who contributed to cause the injury. Historically, it has been required "pro rata," interpreted to mean in equal shares (50/50), because the injury has been considered single and indivisible.

It is one thing to consider changing the method of computing contribution from equal shares to proportionate shares; it is a different thing to abolish any portion of the worker's right to recover from a third party tortfeasor as reserved to him by KRS 342.700(1). It is one thing to change from 50/50 to assigned percentages the method for computing how much a third party tortfeasor may deduct from the portion of the claim as to which the employer has the right of statutory subrogation under KRS 342.700(1);[1] it is a different thing to set aside a portion of the employee's right "to recover damages" from a third party tortfeasor reserved to by him KRS 342.700(1) and substitute limited liability from the third party tortfeasor to the injured or deceased worker. We cannot properly decide in this case to abolish any portion of the workers right to recover from a third party tortfeasor as reserved to him by KRS 342.700(1).

We *cannot properly* decide:

1) that the contribution statute has been repealed and the right to contribution has been abrogated by a decision about the common law in *Hilen v. Hays, supra;*

2) that there should be limitations on the statutory right of an injured worker, preserved in KRS 342.700(1), to pursue his common law remedy other than those limitations imposed in this or some other statute;

3) that the employer's statutory obligations to pay benefits to an injured worker as structured under the workers' compensation law has been either increased or impaired by our decision in *Hilen v. Hays;* or

4) what will be the law in future cases when we must then determine the impact of KRS 411.182 (the new apportionment statute effective July 15, 1988)[2] on the workers' compensation law.

NONE OF THESE ISSUES ARE BEFORE US. Yet the Majority Opinion

---

1. Keeping in mind that under KRS 342.690(1) whatever the percentage may be it can only be used as a setoff limiting the obligation to repay the employer.

2. All parties agree this 1988 statute has no application to this case.

speaks to all four of these issues in derogation of the limits of judicial power which extend only to deciding cases in controversy. Plainly put, this is an Opinion written to decide issues other than those presented and to decide tort rights between parties other than those presently involved, who are Dix & Associates on the one hand and Key/Bardstown Mills on the other.

The two issues we were asked to address on this appeal are:

1) Whether henceforth contribution from a joint tortfeasor should be recovered on a proportionate or a percentage basis rather than using the long-standing principle of equal shares (50/50); and

2) Whether Dix & Associates was entitled to a directed verdict, not because statutory contribution is repealed, but because under the facts of this case its "negligence, if any, was not the proximate cause of the injury."

The Majority Opinion side-steps the first question, choosing instead to hold the right to contribution is eliminated by the advent of apportionment. The Majority Opinion never speaks to the second question, choosing instead to take the jury's apportionment of "causative fault," 95% as to Key/Bardstown Mills and 5% as to Dix & Associates, as a given, and use this as a point of departure from which to expound tort law against the injured worker.

Justice Vance's Opinion acknowledges, in a backhand manner, that he raises and decides issues which are not framed by the decision of the trial court nor raised by the parties on appeal. He states:

"The issue of contribution was raised on the appeal whereby appellant contended that the negligent third-party was not entitled to any contribution whatever, *albeit for a different reason than the one adopted in this opinion.* The question of whether the appellees should be entitled to any contribution whatever because they had settled only the liability for the 95% of the injury apportioned to

them was fully *explored in the oral argument* before this Court." [Emphasis added.]

But the employer, Dix & Associates, did not question the *existence* of the *legal* right to seek contribution against an employer. The employer, Dix & Associates, claimed only that there was no *factual* justification for the claim over against the employer for contribution.

Justice Vance is the one who first raised the "question of whether the appellees should be entitled to any contribution whatever because they had settled only the liability for the 95% of the injury apportioned to them." This was a unique proposition brought up at oral argument by Justice Vance, not raised by the parties. His conclusion as to the issue he raised is "appellees have no claim against Dix and Associates for contribution." But an appellate court cannot properly raise and decide issues in this manner. It is an unprecedented departure from procedure. The Majority Opinion has turned a factual argument regarding sufficiency of the evidence to support a finding into a decision that apportionment has been substituted for the right to maintain a claim for contribution.

The Majority Opinion opens with a statement to the effect that we granted transfer of this case "to consider whether a conflict exists between [certain previous] opinions of this Court." The only proper reason for granting a transfer is to consider the issues presented, and these issues can only be considered in the context presented, viz., the existing fact situation and the issues between the parties to the appeal.

After the settlement, because Key/Bardstown Mills was still seeking to enforce a right to contribution against Dix & Associates, the trial court submitted the case to a jury to decide whether Dix & Associates was guilty of contributory negligence.[3] The jury apportioned "causative fault" 95% against the third party tortfeasors, Key/Bardstown Mills, and only 5%

---

**3.** This was a mistake (to be discussed *infra* at p. 36) because Key/Bardstown Mills had already given up this right by agreeing to assume the employee's responsibility under KRS 342.700(1)

to repay benefits upon recovery of complete damages from the third party tortfeasor. But Dix & Associates has not preserved this error.

against the employer, Dix & Associates. Nevertheless, the trial judge, following what has always been the way the contribution statute has been construed until now, applied the contribution statute in equal shares (50/50). Further, the trial court reasoned that because assessing contribution for one half the amount paid the employee's estate by Key/Bardstown Mills would exceed the $37,000 in benefits paid under the workers' compensation law, and because KRS 342.690(1) *limits* the employer's liability to its liability under the workers' compensation law, the employer/compensation carrier's right to indemnity for benefits paid and the third party tortfeasor's right to contribution were a "washout."

The issue appealed was whether we should overrule precedent and substitute proportionate sharing for equal sharing in construing and applying the contribution statute, not whether we should abandon the statute. It would have sufficed for this case to hold henceforth contribution among tortfeasors will be by percentages between tortfeasors, but the Majority chose a different course; it went after the rights of the injured worker which were not at issue in this case.

There is a fundamental difference between the present situation and *Hilen v. Hays, supra.* In *Hilen,* we were dealing with common law claims, judge-made law subject to judicial reconsideration. But contribution among negligent tortfeasors is not a creature of common law; it is statutory: KRS 412.030. In *Reda Pump Co., a Div. of TRW, Inc. v. Finck,* Ky., 713 S.W.2d 818, 821 (1986), a 6/1 Opinion authored by Justice Vance, who writes this one, the author states the reason behind overruling precedent in *Hilen v. Hays* was "that a rule promulgated by a court could be changed by a court"; *Reda Pump* then holds this same reasoning does not apply to a products liability claim because we could not override the *statutory* mandate in products cases (KRS 411.320(1)) that contributory negligence shall be a complete defense. Yet here we take the opposite view. Here, where it is not the products manufacturer's protective statute but the

protection afforded the injured worker by the workers' compensation statutes which are at issue (his right to seek a complete recovery from a negligent third party at common law rather than settle for the limited benefits the workers' compensation law provides) we agree upon a harsh and different rule. We are quick to protect the negligent manufacturer from liability, and quicker still to impair the injured worker's potential recovery of complete damages against a negligent third party, even though both rights are protected by statute.

Henceforth a negligent third party (such as Key/Bardstown Mills) will be free to assign liability to the injured worker's employer who will, many times, have no interest in defending because it enjoys the statutory immunity of the workers' compensation law. There are many injuries to workers where workers' compensation benefits are minimal calling for very substantial common law damages. For example, a worker killed on the job who has no dependants may have a sizable wrongful death claim against a third party tortfeasor but the workers' compensation death benefits are negligible. Severe burns can cause hideous pain and disfigurement, but no permanent disability for which workers' compensation benefits are due. An injury causing loss of child bearing potential, or loss of taste and smell, may represent a substantial common law claim in which the employer/compensation carrier has no stake. The list of examples of cases where the employer would have no interest in defending is practically unlimited.

The Kansas statute cited as persuasive in the Majority Opinion, K.S.A. 44–504(d), does *not* provide for reducing the employee's recovery against the third party. On the contrary, the full extent of the statute is to provide, where the worker's employer is found partially responsible, that "the employer's subrogation interest or credits against future payments of compensation and medical aid, ... shall be diminished by the percentage of the damage award attributed to the negligence of the employer...." This says *nothing* about reducing

the employee's recovery against the third party, which is the major thrust of Justice Vance's Opinion.

The present decision cannot be justified by attributing it to the new rule of comparative fault announced in *Hilen v. Hays, supra.* Our Opinion in *Hilen v. Hays* borrows from the Uniform Comparative Fault Act, 12 U.L.A., Civ.Proc. & Rem.Law, 39 (Cum.Supp.1984) for a fair understanding of the new principle. In *Hilen v. Hays,* we used §§ 1 and 2 of the Uniform Comparative Fault Act in defining the concept of comparative fault. We did not consider the present fact situation which is what happens when a named defendant seeks contribution from a third party. The Uniform Comparative Fault Act provides for this circumstance in §§ 4, 5 and 6. It recognizes the continued viability of statutory contribution where there is contributory fault on the part of a third party defendant who is protected from having to make payments to the injured party. The plaintiff and the defendant are then required to absorb the loss thus occasioned in proportion to their own contributory fault. This means that where the injured worker bears no share of contributory fault in the accident, he still recovers complete damages for injury or death against a third party tortfeasor who claims the employer was also at fault. Only the employer's claim for the portion of the complete recovery for which compensation benefits had been previously paid would be reduced or eliminated by employer's proportionate negligence. If we are to change the basic structure that has existed heretofore under the contribution statute, we should change to a fair arrangement as set out in §§ 4, 5 and 6 of the Uniform Comparative Fault Act, not to the harsh and unjust arrangement which will follow from the Majority Opinion.

There is another unique aspect to this case. As part of this settlement, Key/Bardstown Mills took an assignment from Cornelius' estate of any rights the estate or his dependants might have to collect future unpaid benefits against Dix & Associates. KRS 342.180 provides that "no claim for compensation under this Chapter shall be assignable." But in this

case there was no claim to assign in any event, because once complete damages have been paid by a third party tortfeasor, this extinguishes any further employer's liability to pay workers' compensation benefits, under the proviso in KRS 342.700(1) which states "the injured employee may either claim compensation or proceed at law by civil action against ['some other person than the employer'] to recover damages, but he shall not collect from both." Since the employee's estate has made and acknowledged by "General Release" complete recovery for all wrongful death damages, the mandate of KRS 342.700(1) is that the employer owes no further workers' compensation benefits and is entitled to repayment of such benefits as have been paid already.

The ultimate failure of logic in this case expresses itself through this quote from p. 14 of the Opinion:

"Since the employee in this case has only recovered 95 percent of his total damage from the negligent third party, the continuation of 5 percent of his workers compensation benefits will not amount to a double recovery. A double recovery can be prevented by allowing Dix & Associates to recoup only 95 percent of the compensation benefits paid. If the injured employee recovers only 95 percent of his loss from the negligent third party and his employer could recover out of that fund 100 percent of the amount paid in compensation benefits, not only would the employee not be whole, but the employer would profit from his own negligence."

Surely this cannot mean that this worker who has been paid complete damages, including amounts previously paid by workers' compensation, and signed a General Release acknowledging such payment, is still owed workers' compensation benefits. Surely this has no application to the present case where the employee's dependants and estate have *not,* as our Opinion states, "recovered 95 percent of his total damage from the negligent third party," but on the contrary, have recovered 100 percent of his total damages from the third

party plus some $37,000 in workers' compensation benefits. These are benefits which the estate would be obligated to repay under KRS 342.700(1) but for the fact that the negligent third party has assumed the employee's statutory obligation to repay them.

The letter from Key/Bardstown Mills' counsel to counsel for the employee's estate which accompanied the General Release to be executed by the estate, stated as follows:

"Enclosed is a check of draft of Midwestern Indemnity in the amount of $250,000. Our settlement agreement included our accepting responsibility for the compensation already paid."

This letter between the employee's estate and Key/Bardstown Mills acknowledges the fact that the estate has not only been paid 100% of the wrongful death claim, but has been paid another $37,000 for which the employer has statutory subrogation, an obligation for which Key/Bardstown Mills is "accepting responsibility."

It should be apparent that the unique settlement between Key/Bardstown Mills and the employee's estate leaves but one sensible resolution. This would be to recognize as the central fact that Key/Bardstown Mills assumed the employee's obligation to repay workers' compensation benefits. The parties to this settlement disregarded the proviso in KRS 342.700(1) that the employee "shall not collect from both." Because of the statutory structure of the workers' compensation law, which we have no right to countermand, in this settlement between the employee's estate and the third party tortfeasor the third party tortfeasor extinguished any further right to seek contribution against the employer by assuming the employee's obligation to repay the employer.

The letter also disregarded the proviso in KRS 342.180 that "no claim for compensation under this Chapter shall be assignable." It goes on to state:

"It ['our settlement'] also included the agreement that there would be no more workers' compensation benefits to the two children and that the rights to those benefits would be assigned by the children to Bardstown Mills."

The employer's Summary Judgment for recoupment of workers' compensation benefits stands unchallenged on this appeal. We have no right to disregard it, just as we have no right to decide here what law should apply in future cases to the claims of injured workers because in *this* case all of the claims of the deceased worker are fully paid and not appealed. Key/Bardstown Mills' claim for contribution against the employer should fail because the settlement made by this third party tortfeasor with the employee's estate was in derogation of the employer's statutory subrogation rights. But because Dix & Associates have not presented this issue on appeal, the judgment should be affirmed.

It may well be that in some future case, some fact situation different from this one, it will be appropriate to declare the contribution statute should be construed differently than we have construed it for so many years. When we reach that proper case, the solution presented by the Kansas statute is certainly worthy of consideration, recognizing, as it does, that it applies only to "the employer's subrogation interest or credits against future payments of compensation," and that it is not a device to reduce the recovery of an injured employee innocent of wrongdoing against a third party tortfeasor. That recovery should be reduced only by the amount of workers' compensation benefits he has collected, as the statutes provide. Because of the unique fact situation presented by the settlement in the present case, the entire discussion is beyond the scope of the issues presented. The judgment should be affirmed.

COMBS, and LAMBERT, JJ., join this dissent.