**CONTINENTAL MARINE, INC., Appellant,**

v.

**BAYLINER MARINE CORPORATION, Appellee.**

No. 95–CA–2187–MR.

Court of Appeals of Kentucky.

Sept. 27, 1996.

Benjamin Cowgill, Jr., Landrum & Shouse, Sheila Hiestand, Lexington, for Appellant.

Michael D. Meuser, Theodore E. Cowen, Carroll M. Redford, III, Miller, Griffin & Marks, P.S.C., Lexington, for Appellee.

Before COMBS, DYCHE and KNOPF, JJ.

*OPINION*

KNOPF, Judge:

Continental Marine, Inc., who was a defendant in an automobile accident case, appeals from a trial court order that dismissed its claims for apportionment, contribution and indemnity against a third party defendant, Bayliner Marine Corporation. We affirm the dismissal of Bayliner by the trial court although for different reasons than those stated in the trial court's order.

Gary Cox had purchased a Bayliner Capri pleasure boat from Continental. Shortly after purchasing the boat, Cox returned it to Continental for servicing of the inboard engine. The engine was covered by a box lid that could be secured by snap-down straps. On June 12, 1987, Cox picked up his boat from Continental and began driving home with the boat in tow on the Mountain Parkway. While on the Parkway, the engine cover blew out of the boat and onto the highway. Although some vehicles successfully drove past the cover, Virginia Harmon had to swerve to avoid the cover and came to a stop partially off the highway. Subsequently, a pickup truck driven by Warren Rose collided with Harmon's vehicle.

On November 8, 1987, Virginia Harmon and her husband, Charles, sued Rose for negligently operating his vehicle. They sued Cox for negligently allowing the engine cover to blow onto the highway and they sued Continental for negligently replacing the engine cover after servicing the engine. On May 31, 1990, shortly before the scheduled trial, Continental filed a third party complaint against Bayliner for defectively designing or manufacturing the boat. Continental specifically alleged that the engine cover should have had a hinge or other device to prevent it from coming off the boat, that the straps and snaps were insufficient to secure the cover during highway transport, and that the boat should have had adequate warnings

or instructions. The third party complaint was based on both strict and negligent product liability theories. The Harmons never made or pursued any claim against Bayliner.

Before the third party complaint was filed, the original parties began discussing settlement. When the third party complaint was filed, Continental asked Bayliner to participate in the settlement negotiations. Bayliner declined, believing it had no liability. A settlement was eventually reached between all of the original defendants and the Harmons. In November 1990, an agreed order and partial dismissal was entered which dismissed the Harmons' claims against the original defendants. Continental specifically reserved its right to contribution and/or indemnity against Bayliner in the settlement agreement.

The trial court subsequently dismissed Continental's third party complaint on the basis that comparative fault and apportionment did not apply to this case because the accident occurred before the enactment of the apportionment statute and that statute is not retroactive. For support the trial court cited *Conley v. American Motors Corporation*, Ky.App., 769 S.W.2d 75 (1989). Because comparative fault principles did not apply, the trial court analyzed the case according to traditional principles of contribution and indemnity. Pursuant to cases rendered before the adoption of comparative fault in *Hilen v. Hays*, Ky., 673 S.W.2d 713 (1984), the trial court found that Continental's refusal to admit liability to the Harmons was fatal to its claim for contribution and indemnity. The court reasoned that a party had to be a "wrongdoer" before a claim for contribution could be made and a party had to be "legally liable" to the plaintiff before a claim for indemnity could be made. *Ashland Oil & Refining Co. v. General Telephone Co.*, Ky.App., 462 S.W.2d 190 (1970).

The primary issue on appeal is whether principles of contribution and indemnity developed under comparative fault or principles established prior to comparative fault apply to this case. The accident occurred in 1987.

The apportionment statute, KRS 411.182 became effective in July 1988 and cannot have retroactive application pursuant to KRS 446.080(3). Thus, the trial court was correct in holding that the apportionment statute does not apply to this case. Under these circumstances the Court in *Ingersoll–Rand Co. v. Rice*, Ky.App., 775 S.W.2d 924, 930 (1989) held that because KRS 411.182 does not have retroactive effect, "the trial court will have to try this case the same as if the new statute did not exist."

To determine the status of the law without regard for KRS 411.182, the Court in *Ingersoll–Rand* reviewed pertinent case law to determine if an apportionment instruction was required for a defendant and a third party defendant. The Court in *Ingersoll–Rand* found that *Burrell v. Elec. Plant Bd. of Franklin, Ky.*, Ky., 676 S.W.2d 231 (1984) was controlling. *Burrell* held that an apportionment instruction was not required between the parties. Consequently, the Court in *Ingersoll–Rand* allowed the case to be tried without an apportionment instruction and allowed the defendant to seek a right to contribution or indemnity from the employer. This reasoning, however, in *Ingersoll–Rand* can no longer be relied upon for the status of the law when KRS 411.182 is disregarded.

In *Dix & Associates v. Key*, Ky., 799 S.W.2d 24, 29 (1990) the Court held:

> Because we now overrule *Nix v. Jordan* [Ky., 532 S.W.2d 762 (1975)] [1], we must now also overrule *Burrell v. Elec. Plant Bd. of Franklin, Ky.*, Ky., 676 S.W.2d 231 (1984), to the extent that it precluded apportionment of liability between the employer and the third person from whom the employee sought recovery of damages. [Emphasis added].

Consequently, the current status of the law that remains after disregarding the apportionment statute, is the law as explained in *Dix & Associates v. Key, supra.* In *Dix*, an employee sued Bardstown Mills, Inc. and Jerry Key, who in turn filed a third party complaint against the employer Dix & Asso-

---

1. *Nix v. Jordan, supra,* held that apportionment could only be applied to original defendants and  not to a third-party defendant.

ciates, for contribution and/or indemnity. The plaintiff settled with the defendants, Bardstown Mills and Key. A trial was held to determine Bardstown Mills' right of contribution and/or indemnity and Dix & Associates' right to subrogation for paid workers compensation benefits. The jury apportioned fault with ninety-five percent (95%) to Bardstown Mills and five percent (5%) to Dix & Associates. On appeal, the Kentucky Supreme Court held that the settling defendant, Bardstown Mills, did not have a right to contribution and/or indemnity from the third party defendant.

To arrive at its conclusion, the Court in *Dix* operated under the comparative fault system established in *Hilen v. Hays*, Ky., 673 S.W.2d 713 (1984). The Court in *Dix* explained that *Hilen v. Hays* and cases which followed it have established that:

> [L]iability among joint tort-feasors in negligence cases is no longer joint and several but is several only. Because the liability is several to each negligent joint tort-feasor, it is necessary to apportion a specific share of the liability to each of them, and by necessity, that includes a joint tort-feasor brought into the action as a third-party defendant as well as the defendant named in the original complaint. *Dix*, 799 S.W.2d at 27.

*Dix*, *supra*, also stated that based upon the principles of fundamental fairness established in *Hilen v. Hays*, *supra*, the extent of liability of all parties is several and is limited to the degree of fault apportioned to each. Thus, a defendant's liability is limited to its degree of fault, no more and no less.

With this perspective, the Court in *Dix* then stated that a settlement between a plaintiff and a defendant was for an amount which **settled only** that defendant's portion of liability. The settlement between that defendant and the plaintiff did not settle or pay for a portion of liability caused by a third party defendant. Thus, the Court held that the defendant did not have a claim for contribution against the third party defendant.

This analysis in *Dix* is critical to this case. We, too, must hold that Continental's settlement with the Harmons settled only Continental's portion of liability to the plaintiff. If this case had gone to trial, any damages Continental would have had to pay pursuant to a verdict would have been limited to its share of fault without a right of contribution or indemnity against Bayliner, the third party defendant. Consequently, when Continental decided its best interests were served by settling with the Harmons and was aware that Bayliner continued to refuse to participate in the settlement and refused to admit any exposure in this case, Continental should have realized that its settlement was to settle only its portion of the plaintiffs' claims against it. Thus, following *Dix*, *supra*, we hold that Continental does not have a claim for contribution or indemnity against Bayliner.

For these reasons, we affirm the Clark Circuit Court.

All concur.